# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| David Morris Barren, | : | |
| | : | No. 2287 C.D. 2015 |
| Appellant | : | Submitted: June 10, 2016 |
| | : | |
| v. | : | |
| Pennsylvania State Police, Trooper | : | |
| Wesley Berkebile, Trooper Sergeant | : | |
| Anthoney DeLuca, Trooper Mike | : | |
| Schmidt, Trooper John A. Litchko, | : | |
| Trooper Michael J. Volk, Trooper | : | |
| Stuart Frome, Office of the Attorney | : | |
| General Asset Forfeiture and Money | : | |
| Laundering Section, A.G. Gerald J. | : | |
| Pappert, Deputy A.G. Jesse D. | : | |
| Pettit, D.A. Lisa Lazzari-Strasler, | : | |
| Allegheny County, | : | |
| Pa., Wilkins Township Police Dept., | : | |
| Wilkinsburg Police Dept., Office of | : | |
| the D.A. of Allegheny County, | : | |
| Pennsylvania Office of the Attorney | : | |
| General, Sergeant Randy Lamb, | : | |
| Officer Albert Stanonik, Officer David | : | |
| Brokaw, Agent Fran Speranza, Agent | : | |
| Rick Bosco, Detective Charles Knox, | : | |
| A.D.A. Thomas T. Swan, Judge Robert | : | |
| Colville, Judge Philip A. Ignelzi, | : | |
| Judge Kate Ford Elliot, Judge Susan | : | |
| Peikes Gantman, | : | |
| Judge Jacqueline O. Shogan, | : | |
| Individually and in their | : | |
| official capacities | : | |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION BY
SENIOR JUDGE FRIEDMAN                    FILED:  September 27, 2016

David Morris Barren appeals, *pro se*, from the October 20, 2015, order of the Court of Common Pleas of Allegheny County (trial court) dismissing Barren's complaint (Complaint) as frivolous under Pa. R.C.P. No. 240(j)(1)[1] and dismissing his request to proceed *in forma pauperis* as moot. We affirm in part, vacate in part, and remand for further proceedings.

On March 4, 2003, police searched a hotel room occupied by Barren in Wilkins Township, resulting in the seizure of United States currency, a money counter, and a heat sealer. (Compl. ¶¶ 91, 106.) Barren was released from custody the same day without being charged with any offense. (*Id.* ¶ 102.) On March 12, 2003, the trial court ordered forfeiture of the seized property. (*Id.* ¶¶ 106-07.) On March 13, 2003, the trial court entered an amended order, changing the amount of the forfeited United States currency from $62,055 to $62,105. (*Id.* ¶¶ 106, 108.)

On February 11, 2004, Barren was arrested following a vehicle stop on the Pennsylvania Turnpike in Somerset County, which resulted in the seizure of $67,709 in United States currency and various jewelry. (*Id.* ¶¶ 17, 26, 139.) The criminal charges against Barren were dismissed on February 20, 2004. (*Id.* ¶ 30.)

On June 17, 2004, the Commonwealth filed a petition for forfeiture of the property seized on February 11, 2004, in the Court of Common Pleas of Somerset

---

[1] Pa. R.C.P. No. 240(j)(1) provides:

If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if . . . [the court] is satisfied that the action, proceeding or appeal is frivolous.

2

County (Somerset County), which was granted on December 14, 2004. (*Id.* ¶¶ 31, 41.) On December 28, 2011, Barren filed a motion in Somerset County seeking return of the property seized on February 11, 2004, which was denied on April 22, 2015, as untimely. (*Id.* ¶¶ 42, 56.)

Also on December 28, 2011, Barren filed a motion in the trial court seeking the return of the property seized on March 4, 2003. (*Id.* ¶ 114.) The trial court denied the motion on October 26, 2012, as untimely. (*Id.* ¶ 117.)

Barren appealed the trial court's October 26, 2012, order to the Pennsylvania Superior Court, which affirmed. In its opinion, the Superior Court concluded that under *Commonwealth v. Allen*, 59 A.3d 677, 681 (Pa. Cmwlth. 2012) (*en banc*), *affirmed on other grounds*, 107 A.3d 709 (Pa. 2014),[2] Barren's motion for return of property was barred by the residual six-year statute of limitations in section 5527(b) of the Judicial Code, 42 Pa. C.S. §5527(b). *Commonwealth v. Sixty Eight Thousand Nine Hundred Fifty Dollars in U.S. Currency* (No. 1857 WDA 2012, Pa. Super. filed Nov. 15, 2013), slip op. at 4, *aff'd without op.*, 91 A.3d 1287 (Pa. 2013). The Superior Court found that Barren had six years from the date of the March 12, 2003, forfeiture order, or until March 12, 2009, to file a motion for return of property.

---

[2] After the Superior Court's decision in this case, the Pennsylvania Supreme Court expressly rejected this court's reasoning in *Allen*. *See Commonwealth v. Allen*, 107 A.3d 709 (Pa. 2014). In *Allen*, the Supreme Court held that this court erred in relying "on a statute of limitations analysis to resolve the timeliness" of Allen's motion for return of property. *Id.* at 718. Instead, the Supreme Court concluded "that [Allen's] failure to file a return motion during the pendency of the criminal charges against him or within thirty days following dismissal of the charges result[ed] in waiver, precluding review of his stand-alone return petition." *Id.* Thus, although the Supreme Court rejected this court's reasoning, it nonetheless affirmed our disposition. *Id.*

*Id.*, slip op. at 4-5. Therefore, the Superior Court concluded that Barren's motion filed on June 26, 2012, was "patently untimely." *Id.*, slip op. at 5.

On July 23, 2015, Barren filed his Complaint in the trial court against 32 defendants, including, *inter alia*, the Pennsylvania State Police, the Pennsylvania Office of Attorney General, and various Pennsylvania state troopers (together, Commonwealth Appellees); the Office of District Attorney of Allegheny County, the Wilkins Township Police Department, the Wilkinsburg Police Department, and various local police officers (together, Local Appellees); and various court of common pleas and Pennsylvania Superior Court judges (together, Judicial Appellees). In his Complaint, Barren asserts violations of his due process rights under the United States and Pennsylvania Constitutions on the basis that he did not receive notice of the 2003 and 2004 forfeiture proceedings. Barren also asserts claims for abuse of process, breach of fiduciary duty, fraud, invasion of privacy, false imprisonment, and emotional distress. On July 27, 2015, Barren filed a petition for leave to proceed *in forma pauperis*.

On October 20, 2015, the trial court *sua sponte* dismissed Barren's Complaint as frivolous and dismissed his petition to proceed *in forma pauperis* as moot,[3] concluding that "[a]ll of [Barren's] claims are time-barred under 42 Pa. C.S.A. [sic] § 5524 and/or 5527, or otherwise fail to state a claim." (Trial Ct. Op. at 2-3.) The trial court also found that Barren's claims relating to the March 12, 2003, forfeiture were barred by the doctrine of *res judicata* because they had already been litigated in the Superior Court. (*Id.* at 3 (citing Superior Court's memorandum

_____

[3] The trial court dismissed this matter before Barren had effectuated service on any of the defendants. (*See* Amicus Br. at 6 n.1.)

4

opinion).) Finally, the trial court concluded that Barren's claims against the Judicial Appellees were barred by the doctrine of judicial immunity. (*Id.*) Barren now appeals to this court.[4]

Barren asserts that the trial court erred in dismissing his Complaint as frivolous for failure to state a claim. We agree, but only with regard to Barren's due process claims against the Commonwealth and Local Appellees.

Under Pa. R.C.P. No. 240(j)(1), the trial court may dismiss an action filed in connection with a petition to proceed *in forma pauperis* "if it is satisfied that the action, proceeding or appeal is frivolous." An action is frivolous if it "'lacks an arguable basis either in law or in fact.'" Note to Pa. R.C.P. No. 240(j)(1) (citation omitted). Thus, an action may be dismissed as frivolous under Pa. R.C.P. No. 240(j)(1) if, on its face, it fails to "set forth a valid cause of action." *Jones v. Doe*, 126 A.3d 406, 408 (Pa. Cmwlth. 2015).

With regard to the 2004 forfeiture, Barren avers:

31. Unbeknownst to the Plaintiff, on June 17, 2004, the Commonwealth filed a "Petition for Forfeiture and Condemnation" of his property.

* * *

35. The "Petition for Forfeiture and Condemnation" and "Rule to Show Cause" filed [on] June 17, 2004, were never served on the Plaintiff.

---

[4] Our scope of review of an order dismissing an action under Pa. R.C.P. No. 240(j)(1) is whether "constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law." *Jones v. Doe*, 126 A.3d 406, 408 n.3 (Pa. Cmwlth. 2015).

36. The Plaintiff was never served "notice" of the Commonwealth's forfeiture.

* * *

41. On December 14, 2004, an Order of Court was signed granting the Commonwealth "Forfeiture by Default," of the Plaintiff's property.

42. Having no knowledge [that] my property had been forfeited, Plaintiff filed a "Motion for Return of Property" on December 28, 2011[] . . . .

* * *

50. Attached as an exhibit to the Commonwealth's Response filed on November 7, 2013, was [a] copy of [its] "Petition For Forfeiture And Condemnation," its supporting "Affidavit," the "Rule To Show Cause," and the "Order of Court" dated December 14, 2004, granting forfeiture.

51. Upon receipt of the Commonwealth's "Response," that is when Plaintiff [discovered] his property had been forfeited.

(Compl. ¶¶ 31, 35-36, 41-42, 50-51.)  Barren further alleges that the forfeiture of his property without notice and an opportunity to be heard violated his procedural due process rights.  (Compl. ¶¶ 63, 127.)

Section 6802(b) of the act commonly known as the Controlled Substances Forfeiture Act (Forfeiture Act), 42 Pa. C.S. §6802(b), provides that a party seeking forfeiture "shall" serve a copy of the petition "personally or by certified mail on the owner or upon the person or persons in possession at the time of the seizure."  Section 6802(j) of the Forfeiture Act also provides for a hearing in which the property owner can respond to the Commonwealth's evidence.  42 Pa. C.S. §6802(j).  Our Supreme Court has recognized that "notice and [an] opportunity to be

6

heard are integral to forfeiture proceedings." *Commonwealth v. Mosley*, 702 A.2d 857, 860 (Pa. 1997). Absent these procedural safeguards, we "cannot assume that the defendant would have acquiesced to the forfeiture proceedings." *Commonwealth v. Smith*, 757 A.2d 354, 359 (Pa. 2000); *see also Commonwealth v. One (1) 1993 Pontiac Trans AM*, 809 A.2d 444, 446 (Pa. Cmwlth. 2002) (stating that because civil forfeitures are not favored, the Forfeiture Act's provisions "must be strictly construed").

> With regard to the 2003 forfeiture, Barren avers:
>
> 109. The Order of Court from March 12, 2003, fails to express that the Plaintiff is the Claimant, i.e.--the only party who could legally consent to such a forfeiture.
>
> 110. That Order of Court is absent a signature of any Claimant[] or consenting party.
>
> 111. The amending Order of Court from March 13, 2003[] . . . expresses that a "John Doe," an unknown party, was the aggrieved or consenting party. That is not true.
>
> 112. The Plaintiff was unaware of the forfeiture proceeding on March 12, 2003, and the amending of such on March 13, 2003.
>
> 113. The Plaintiff was not represented by Ralph Karsh, Esquire, in either proceeding concerning the forfeiture of his property.
>
> 114. Plaintiff initiated court action for "Return of Property" in the Court of Common Pleas on or about December 28, 2011.
>
> 115. . . . [O]n or about May 28, 2013, [the Plaintiff] belatedly discovered the amending Order of Court . . . .

* * *

7

118. [The trial court] affirmed the forfeiture of [Plaintiff's] property pursuant to a consent agreement, despite the fact that[] [Plaintiff] was not present; had no knowledge of the proceedings; did not sign the agreement; and the agreement expressed that [Plaintiff] was "John Doe."

(Compl. ¶¶ 109-115, 118.)

Here, the trial court found that Barren's claims relating to the March 2003 forfeiture were previously litigated and, thus, barred by *res judicata*. However, the only issue addressed in the Superior Court's November 15, 2013, opinion was the timeliness of Barren's motion for return of property. The Superior Court did not address Barren's due process claims relating to his alleged lack of notice of the March 2003 forfeiture proceedings. It is well settled that "a proceeding for return of property [under Pa. R. Crim. P. 588] is distinct from a forfeiture proceeding [under the Forfeiture Act]." *Mosley*, 702 A.2d at 859; *see Commonwealth v. Johnson*, 931 A.2d 781, 783 (Pa. Cmwlth. 2007). As discussed *supra*, forfeiture proceedings require notice and an opportunity to be heard before a person can be deprived of his or her property. Barren alleges that he had no notice of the March 2003 forfeiture and neither consented to the forfeiture nor authorized Ralph Karsh, Esquire, to consent to the forfeiture on his behalf.

We cannot conclude, based on the allegations in the Complaint, that Barren's due process claims relating to the 2003 and 2004 forfeiture proceedings lack an arguable basis in law or in fact.[5] Therefore, the trial court erred in dismissing these claims as frivolous under Pa. R.C.P. No. 240(j)(1).

---

[5] The trial court did not specifically address Barren's due process claims relating to the forfeiture proceedings. Instead, the trial court found that all of his claims were time-barred by **(Footnote continued on next page…)**

8

With regard to Barren's claims against the Judicial Appellees, however, we agree with the trial court that they are barred by the doctrine of judicial immunity. It is well settled that judges have absolute immunity for their "judicial acts, even if their actions are in error or performed with malice, provided there is not a clear absence of all jurisdiction over subject matter and person." *Beam v. Daihl*, 767 A.2d 585, 586 (Pa. Super. 2001); *see Guarrasi v. Scott*, 25 A.3d 394, 405 n.11 (Pa. Cmwlth. 2011). The allegations in Barren's Complaint do not demonstrate that the Judicial Appellees acted without subject matter or personal jurisdiction. Because Barren's claims against the Judicial Appellees are barred by judicial immunity, they are frivolous.[6]

Accordingly, we affirm that portion of the trial court's order dismissing Barren's claims against the Judicial Appellees as frivolous. We vacate the remainder of the trial court's order and remand for the reinstatement of Barren's due process claims against the Commonwealth and Local Appellees based on Barren's alleged

---

**(continued…)**

sections "5524 and/or 5527" of the Judicial Code. (Trial Ct. Op. at 2-3.) Section 5524(5) of the Judicial Code provides that "[a]n action upon a statute for a civil penalty or forfeiture" shall be filed within two years. 42 Pa. C.S. §5524(5). However, the two-year statute of limitations applies to forfeiture actions *commenced by the Commonwealth*. Section 5527 of the Judicial Code contains the residual six-year limitations period, which this court held applied to motions for return of property in *Allen*, 59 A.3d at 681. As explained in footnote 3, however, the Supreme Court rejected the application of a statute-of-limitations analysis to motions for return of property. *Allen*, 107 A.3d at 718. In any event, Barren's Complaint does not challenge the denial of his motions for return of property as untimely.

[6] We also conclude that Barren's tort claims against the Commonwealth and Local Appellees, all of which relate to events that occurred in 2003 and 2004, are time-barred. *See* 42 Pa. C.S. §§5523, 5524.

lack of notice of the 2003 and 2004 forfeiture proceedings. The trial court shall also reinstate Barren's petition for leave to proceed *in forma pauperis*.


_____
ROCHELLE S. FRIEDMAN, Senior Judge


Judge McCullough did not participate in the decision of this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Morris Barren, : 
     : No. 2287 C.D. 2015
                Appellant : 
     : 
                  v. : 
Pennsylvania State Police, Trooper : 
Wesley Berkebile, Trooper Sergeant : 
Anthoney DeLuca, Trooper Mike : 
Schmidt, Trooper John A. Litchko, : 
Trooper Michael J. Volk, Trooper : 
Stuart Frome, Office of the Attorney : 
General Asset Forfeiture and Money : 
Laundering Section, A.G. Gerald J. : 
Pappert, Deputy A.G. Jesse D. : 
Pettit, D.A. Lisa Lazzari-Strasler, : 
Allegheny County, : 
Pa., Wilkins Township Police Dept., : 
Wilkinsburg Police Dept., Office of : 
the D.A. of Allegheny County, : 
Pennsylvania Office of the Attorney : 
General, Sergeant Randy Lamb, : 
Officer Albert Stanonik, Officer David : 
Brokaw, Agent Fran Speranza, Agent : 
Rick Bosco, Detective Charles Knox, : 
A.D.A. Thomas T. Swan, Judge Robert : 
Colville, Judge Philip A. Ignelzi, : 
Judge Kate Ford Elliot, Judge Susan : 
Peikes Gantman, : 
Judge Jacqueline O. Shogan, : 
Individually and in their : 
official capacities :

# O R D E R

AND NOW, this 27th day of September, 2016, we hereby affirm that portion of the October 20, 2015, order of the Court of Common Pleas of Allegheny County (trial court) dismissing David Morris Barren's claims against Judges Robert Colville, Philip A. Ignelzi, Kate Ford Elliot, Susan Peikes Gantman, and Jacqueline

O. Shogan as frivolous; vacate the remainder of the trial court's order; and remand this matter to the trial court for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

_____
ROCHELLE S. FRIEDMAN, Senior Judge