# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Return of Personal Property   :
  :
Appeal of: Commonwealth of   :   No. 645 C.D. 2017
Pennsylvania, by and through   :   Submitted: January 5, 2018
Township of Upper Darby   :


**BEFORE:**    **HONORABLE RENÉE COHN JUBELIRER,** Judge
              **HONORABLE PATRICIA A. McCULLOUGH,** Judge
              **HONORABLE JAMES GARDNER COLINS,** Senior Judge


**OPINION BY**
**JUDGE COHN JUBELIRER**             **FILED: March 22, 2018**

The Commonwealth of Pennsylvania, by and through the Township of Upper Darby (the Township), appeals from an Order of the Court of Common Pleas (common pleas) of Delaware County, dated March 16, 2017, which granted the Petition of Appellee (Mr. Ryan) to return personal property that the Township Police Department seized from him. Upon review, we conclude that common pleas erred in granting the Petition and instead should have dismissed it as it is barred by the six-year time limitation contained in Section 5527(b) of the Judicial Code, 42 Pa. C.S. § 5527(b).[1] Thus, we reverse the Order and dismiss the Petition.

---

[1] Section 5527(b) provides that "[a]ny civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation) must be commenced within six years." 42 Pa. C.S. § 5527(b).

On December 2, 2016, Mr. Ryan and Mrs. Ryan (collectively, the Ryans),[2] who are married, filed with common pleas a Petition for Return of Personal Property (Petition). The Ryans alleged that on August 22, 2003, when they were living at the home of Mr. Ryan's mother, the Township Police Department responded to the residence in response to a report that there was an attempted suicide in progress. The Township Police entered the bedroom Mr. Ryan was occupying and found him passed out with a loaded .45 caliber pistol in his hand. The Township Police disarmed Mr. Ryan and transported him to the hospital without incident. At the hospital, a physician found that Mr. Ryan was "severely mentally disabled and in need of treatment[, and that h]e should be admitted to a facility designated by the County Administrator for a period of treatment not to exceed 120 hours."[3] (Application for Involuntary Emergency Examination, Reproduced Record (R.R.) at 30a.) Mr. Ryan was discharged from the hospital five hours after his arrival.

About the same time, police seized from Mr. Ryan's bedroom "for safety" the following items:

1. A Fury combat knife with a black handle.
2. A combat knife with a broken handle.
3. A black and silver samurai sword.
4. A High Country compound bow.
5. Three black nylon holster[s] and one brown leather holster.
6. A green ammunition box with live ammunition and shells.
7. A red bag with various gun cleaning kits and shooting gear.

---

[2] Although the Petition was filed on behalf of both Mr. Ryan and Mrs. Ryan, common pleas' docket lists only Mr. Ryan as the Petitioner and, in the order appealed from, common pleas references only "petitioner" in the singular. (Reproduced Record (R.R.) at 73a, 76a.)

[3] Section 302 of the Mental Health Procedures Act, Act of July 9, 1976, P.L. 817, *as amended*, 50 P.S. § 7302, provides for the involuntary emergency treatment of a "severely mentally disabled" person who is "in need of emergency treatment." A severely mentally disabled person includes a person who "has attempted suicide" and "there is the reasonable probability of suicide unless adequate treatment is afforded." Section 301 of the Mental Health Procedures Act, 50 P.S. § 7301.

8. A black UMAREX .177 pellet gun with serial # J138259591.
9. A Glock 23 .40 caliber firearm with serial number EVG284.
10. A Colt .357 Python Revolver serial # V12277.
11. A long barrel .44 caliber pistol with serial number DO1272.
12. A Colt .45 caliber Model # M1991A1 with serial # CJ27065.
13. A large brown metal ammunition box.

(Petition (Pet.) ¶ 10(1), R.R. at 6a-7a;[4] Incident Report, R.R. at 14a.) Mrs. Ryan is the alleged owner of item 9. Mr. Ryan is the alleged owner of the remaining items. The Township Police provided Mr. Ryan with a property receipt for the above items. The Ryans requested that the Township Police and the Sheriff of Delaware County return the above items.[5]

The Township answered and asserted that the Petition should be denied as untimely. The Township asserted that there is no specific limitations period for a petition to return personal property and, therefore, the residual, six-year statute of limitations under Section 5527(b) applies. The Township claimed that since it seized the property identified in the Petition 13 years before the Petition was filed, the Petition was time-barred. (*Id.* (citing *Commonwealth v. Allen*, 59 A.3d 677 (Pa. Cmwlth. 2012) (holding that on a motion for the return of property pursuant to Rule 588(A) of the Pennsylvania Rules of Criminal Procedure, Pa.R.Crim.P. 588(A), the residual six-year statute of limitation applies), *aff'd on other grounds*, 107 A.3d 709 (Pa. 2014) (*Allen II*) (holding that the failure to move for return of property under Rule 588(A) while the trial court retains jurisdiction over the criminal proceeding, which is up to 30 days after disposition, results in waiver), and *Barren v. Pa. State Police*, 148 A.3d 486 (Pa. Cmwlth. 2016) (explaining the holdings of this Court in *Allen* and our Supreme Court in *Allen II*)).) In addition, the Township alleged that

---

[4] The Petition contains two paragraphs numbered 10.
[5] Hereinafter, we refer solely to Mr. Ryan.

it had destroyed some of the items identified in the Petition and that it no longer has any of the items identified in the Petition in its possession.

At a hearing on February 13, 2017, the parties stipulated that Mr. Ryan is the lawful owner of the items identified in the Petition.[6] The Township entered into evidence several documents, which the parties agreed were authentic and showed that the items identified in the Petition had been destroyed.[7] Common pleas asked Mr. Ryan's Counsel if she wanted to prepare a letter brief explaining why common pleas has the authority to order the return of the items identified in the Petition even though "the items are gone." (Hr'g Tr. at 10, R.R. at 61a.) Counsel responded that she needed 10 days to prepare a letter brief. There is no such letter brief in the record, and the Township indicates in its appellate brief that Mr. Ryan's Counsel did not file a letter brief.

By Order dated March 16, 2017, common pleas, finding "no legal basis upon which to deny the . . . request for a return of the property[,]" ordered the Sheriff of Delaware County to return the items identified in the Petition.[8] (Order, Mar. 16, 2017.) The Township filed a notice of appeal and a concise statement of errors complained of pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(b), claiming, *inter alia*, that the Petition was untimely.

---

[6] Counsel for Mr. Ryan indicated that the items were seized "as a result of a 302 evaluation," (Hr'g Tr. at 4, R.R. at 55a), in an apparent reference to Section 302 of the Mental Health Procedures Act.

[7] Counsel for Mr. Ryan represented that she could call him to testify if needed, but if he was to testify "he'll stipulate [sic] that the value was $4,000 to $5,000 of the items taken, unless counsel has some questions for him." (Hr'g Tr. at 9, R.R. at 60a.) Counsel for the Township stated that he had no questions for Mr. Ryan. (*Id.*)

[8] Common pleas signed a proposed order that Mr. Ryan had attached to the Petition. (R.R. at 45a-46a.) There was no proof offered at the hearing that the Sheriff of Delaware County possesses the items identified in the Petition.

On the issue of timeliness, common pleas explained in its opinion issued pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(a), that *Allen* and *Barren*, the cases the Township cited to support the dismissal of the Petition as untimely, are distinguishable because the seizures of property there related to criminal prosecutions. Since the items identified in the Petition were not seized as the result of a criminal prosecution, common pleas concluded that *Allen* and *Barren* are inapplicable and there is **no** statute of limitations prohibiting the Petition from being filed 13 years after the items were seized.

On appeal,[9] the Township argues that the Petition was time-barred. The Township argues that the residual six-year statute of limitations under Section 5527(b), applies. While noting that items identified in the Petition were not seized in connection with a criminal proceeding, thereby making *Allen* distinguishable, the Township argues that this Court's analysis of Section 5527(b) in *Allen* is persuasive and should be followed. In *Allen*, the Township continues, this Court, looking at both criminal and civil law statutes, concluded that no specific limitations period governed, and then applied Section 5527(b). Under common pleas' analysis, the Township argues, "any person aggrieved by a seizure of property by law enforcement is free to file a petition for return of property at any time, even . . . 50 years from the date of the seizure, so long as there was no underlying criminal proceeding." (Township's Br. at 14.) Such an interpretation is at odds with the rulings of the Pennsylvania Supreme Court and this Court in *Allen*, the Township contends. Moreover, the Township continues, there are good reasons for having a

---

[9] On appeal from a decision of common pleas on a petition for the return of property, our standard of review is whether common pleas' findings of fact are supported by competent evidence, whether common pleas abused its discretion, or whether common pleas committed an error of law. *Commonwealth v. Matsinger*, 68 A.3d 390, 395 n.5 (Pa. Cmwlth. 2013).

5

statute of limitations where, as here, memories have faded and documentation is sparse.[10]

In *Allen*, the appellant was arrested on January 10, 2002, following a traffic stop, which resulted in him being charged, *inter alia*, with possession of a controlled substance. 59 A.3d at 678. At the time of the appellant's arrest, police seized $1,061 in cash from him. *Id.* The prosecution withdrew the charges against the appellant on November 8, 2002. Nearly eight years later, the appellant filed a motion pursuant to Rule 588(A) of the Pennsylvania Rules of Criminal Procedure, Pa.R.Crim.P. 588(A),[11] seeking return of the $1,061. The Commonwealth filed a motion to dismiss, arguing that the appellant had waived his right to seek the return of the cash "because he filed his Rule 588 motion more than seven years after the final disposition of his criminal case." *Id.* Relying on *Commonwealth v. Setzer*, 392 A.2d 772 (Pa. Super. 1978) (holding that defendant's claim for return of property pursuant to Pa.R.Crim.P. 324 (now Rule 588) was waived because it was not raised until two years after his conviction), the trial court dismissed the appellant's motion, and the appellant appealed to this Court. Unlike the trial court, this Court declined to follow *Setzer*, reasoning that "forfeiture proceedings and proceedings for the return of property are not criminal proceedings[,]" "[a] return of property motion is often

---

[10] By order dated November 13, 2017, this Court precluded Mr. Ryan from filing a brief because of his failure to comply with the deadline for filing a brief established in this Court's order of October 18, 2017.

[11] Rule 588(A) provides as follows:

> A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

Pa.R.Crim.P. 588(A).

raised in a civil forfeiture proceeding" and "the progress of an ancillary criminal proceeding, if any, may not be relevant." *Allen*, 59 A.3d at 679 (internal quotation marks omitted). After rejecting the application of a 30-day limitations period, we proceeded to review potentially applicable statutes of limitations, such as Section 5524(3) of the Judicial Code, 42 Pa. C.S. § 5524(3),[12] but found that none of them applied. *Allen*, 59 A.3d at 680-81. Since there was "no specific limitation period established by rule or law for the filing of a motion for return of property," this Court concluded that "the residual six-year statute of limitations in 42 Pa. C.S. § 5527(b) is the one to apply." *Id.* at 681. This Court then concluded that the appellant's motion was properly dismissed as untimely because it was filed more than six years after his criminal case concluded. *Id.*

On appeal, the Pennsylvania Supreme Court affirmed but on different grounds. The Supreme Court concluded that Rule 588(A) did apply and that a criminal defendant must file a motion for the return of property while the trial court retains jurisdiction, which is up to 30 days after disposition. *Allen II*, 107 A.3d at 716-17. Since the appellant did not file his motion within that time period, his claim was not time-barred, but waived. *Id.* at 717. The Supreme Court emphasized, however, that its holding was "limited to the factual circumstances presented" and that it had "not attempted to define the timing pertaining to other circumstances." *Id.* at 717 n.10.

Here, as the Township notes, criminal charges were never filed against Mr. Ryan, and, thus, there would have been no jurisdictional basis upon which he could

---

[12] Under Section 5524(3), "[a]n action for taking, detaining or injuring personal property, including actions for specific recovery thereof" is required to be "commenced within two years." 42 Pa. C.S. § 5524(3).

have moved for the return of his property pursuant to Rule 588(A).[13] Therefore, our Supreme Court's analysis in *Allen II* does not control here. Nevertheless, while *Allen II* does not control, this does not mean, as common pleas concluded, that no statute of limitations applies. *See Blackwood, Inc. v. Reading Blue Mountain & N. R.R. Co.*, 147 A.3d 594, 600 (Pa. Super. 2016) (stating that "the fact that the legislative provision itself does not contain a statute of limitations for a cause of action . . . does not mean there is no applicable statute of limitations[,]" for such a "result would be contrary to logic and fairness"). In fact, as previously discussed, the Supreme Court in *Allen II* did not purport to address the timing for seeking the return of property in other circumstances, including in civil proceedings. *Allen II*, 107 A.3d at 717 n.10. Thus, as we did in *Allen*, we look here to other potentially applicable statutes of limitations. *Allen*, 59 A.3d at 680. Section 5524(3) of the Judicial Code, which has a two-year time limitation, does not apply because such a tort claim cannot be filed "against the Commonwealth or a local government." *Allen*, 59 A.3d at 680-81. Aware of no other period of limitations that might apply, we turn to the residual catchall statute of limitations, that is, Section 5527(b) of the Judicial Code. Section 5527(b) provides, "[a]ny civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531[14] (relating to no limitation)

---

[13] We note, however, that with respect to the guns, once a physician found that Mr. Ryan was "severely mentally disabled . . . and in need of immediate treatment," 50 P.S. § 7302(b), he was prohibited from possessing or using a gun under Section 6105(c)(4) of the Uniform Firearms Act, 18 Pa. C.S. § 6105(c)(4). Mr. Ryan does not claim that the police had no basis for seizing the items identified in the Petition.

[14] Section 5531 of the Judicial Code provides as follows:

8

must be commenced within six years." 42 Pa. C.S. § 5527(b).  As we have outlined, this proceeding is not "subject to another limitation specified in this subchapter." *Id.* Nor is it "excluded from the application of a period of limitation by section 5531," as none of the actions identified in Section 5531 are at issue here.  *Id.*  Therefore, under the plain language of Section 5527(b), it applies to this proceeding.   The proceeding here was commenced more than 13 years after the Township seized the items identified in the Petition, which is beyond the period of limitations identified in Section 5527(b), making this proceeding untimely.

"The case at bar is an apt example of the logistical difficulties that arise from a delayed challenge" – memories fade, witnesses disappear, and evidence is lost or destroyed.  *Pfeifer v. Westmoreland Cty. Tax Claim Bureau*, 127 A.3d 848, 855 (Pa. Cmwlth. 2015).  At the hearing, Mr. Ryan represented through Counsel that there was a prior order not to destroy the weapons; however, there was no such order and, in fact, the items identified in the Petition have now been destroyed.  (Hr'g Tr. at 5-8, R.R. at 56a-59a.)  These circumstances, as is often the case with "stale claims,"

---

The following actions and proceedings may be commenced at any time notwithstanding any other provision of this subchapter except section 5521 (relating to limitations on foreign claims):

(1) An action against an attorney at law by or on behalf of a client to enforce any implied or resulting trust as to real property.

(2) An action by the Commonwealth, a county or an institution district against the real or personal property of persons who were public charges, including mental patients, to recover the cost of their maintenance and support.

(3) An action by the Commonwealth, a county or an institution district against the real or personal property of persons who were legally liable to pay for the maintenance and support of persons who were public charges, including mental patients, to recover the cost of their maintenance and support.

42 Pa. C.S. § 5531.

9

would greatly hamper the Township in its defense against Mr. Ryan's claim. *Ins. Co. of N. Am. v. Carnahan*, 284 A.2d 728, 729 (Pa. 1971) ("The purpose of any statute of limitations is to expedite litigation and thus discourage delay and the presentation of stale claims which may greatly prejudice the defense of such claims.").

Therefore, we conclude that Section 5527(b), the residual catchall statute of limitations, applies to this proceeding because this proceeding is not excluded from a period of limitation and there is no other applicable statute of limitations. This proceeding was commenced beyond the six-year time limitation contained in Section 5527(b), making it time-barred. Accordingly, we reverse the Order and dismiss the Petition.[15]

 

_____
**RENÉE COHN JUBELIRER,** Judge

Judge Fizzano Cannon did not participate in the decision in this case.

---

[15] In light of our determination, we do not address the Township's remaining contentions.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Return of Personal Property :
                                    :
Appeal of: Commonwealth of          :    No. 645 C.D. 2017
Pennsylvania, by and through        :
Township of Upper Darby             :

# **O R D E R**


**NOW**, March 22, 2018, the Order of the Court of Common Pleas of Delaware County, dated March 16, 2017, in the above-captioned matter, is hereby **REVERSED**, and the Petition for Return of Personal Property is **DISMISSED**.

 

 

 

 

**RENÉE COHN JUBELIRER,** Judge