IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania     :
                                :
           v.               :        No. 1493 C.D. 2019
                                :        Submitted: September 9, 2024
Owen Riley,                 :
            Appellant      :

BEFORE:    HONORABLE ELLEN CEISLER, Judge
                 HONORABLE LORI A. DUMAS, Judge
                 HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION
BY SENIOR JUDGE LEAVITT            FILED:  December 30, 2024


Owen Riley (Riley) appeals an order of the Court of Common Pleas of Delaware County (trial court) that dismissed his petition for return of his firearms for the stated reason that it was untimely filed.  On appeal, Riley contends that the trial court erred because the firearms in question were not seized by warrant in connection with his criminal arrest and prosecution but, rather, surrendered voluntarily as part of his bail conditions.  As such, his petition was not governed by the filing deadline implicitly stated in Pennsylvania Rule of Criminal Procedure 588, PA.R.Crim.P. 588.  We conclude that the trial court erred in dismissing Riley's petition as untimely and, thus, vacate the trial court's order and remand for a hearing on the merits of his petition.

On October 28, 2018, the Radnor Township Police Department (Radnor Police) was called to a domestic dispute.  In connection therewith, the police arrested Riley, charging him with aggravated assault, simple assault, terroristic threats, possessing an instrument of crime, and harassment.  In that arrest, the police seized

an unloaded handgun that Riley had allegedly pointed at the victim during the dispute.

The next day, Riley was arraigned, and his bail was set at $25,000, unsecured, with the condition that he surrender all firearms in his possession to Radnor Police. He did so. Accordingly, Radnor Police took custody of four Colt AR-15 .223 semi-automatic rifles; a Benelli 12-gauge shotgun; an Armalite AR-15 7.62mm semi-automatic rifle with scope; a Beretta CX4 Storm 9mm assault rifle; a United States M-1 Carbine 30; a Japanese long rifle; a Colt AR .223 semi-automatic rifle with scope; a 9mm UZI semi-automatic rifle; and a black lock box.

On May 13, 2019, Riley pled guilty to summary harassment and was sentenced to 90 days' probation. On August 20, 2019, after completing his probation, Riley filed a "Petition for the Return of Property" to recover the firearms that he had surrendered to Radnor Police in connection with his bail. Petition, 8/20/2019; Reproduced Record at 7a-8a (R.R. __). The petition does not seek a return of the handgun seized at the time of Riley's arrest.

On September 16, 2019, the trial court held a hearing on Riley's petition. Riley informed the trial court that Radnor Police refused to return the surrendered firearms without an order from the court. Counsel explained that Riley's conviction of a summary offense did not preclude him from possessing firearms.

On September 25, 2019, the trial entered an order that "decreed" Riley's "motion" to "be denied." Trial Court Order, 9/25/2019, at 1; R.R. 19a. It explained its order as follows:

> Defendant pled guilty and was sentenced on May 13, 2019. Petitioner's claim has been waived. *See Commonwealth v. Allen*, 107 A.3d 709 (Pa. 2014) (failure to file motion or return of property during the pendency of the criminal proceedings against

2

him or within thirty days following the dismissal of the charges results in waiver).

*Id.*

Riley appealed to this Court.

In response to Riley's appeal, the trial court issued a Rule 1925(b) order to Riley. PA.R.A.P. 1925(b).[1] As ordered, Riley filed a Statement of Errors Complained of on Appeal, which stated as follows:

> 1.   *Did the Trial Court err and/or abuse its discretion in failing to consider Defendant's Motion for the return of Defendant's guns in violation of the State Courts* [sic] *forfeiture laws*, when there was sufficient evidence that Police had no legal right to retain his property and that Defendant had a legal right to possess the guns.
>
> 2.   Did the Trial Court err and/or abuse its discretion when it failed to return Defendant's guns in contravention of State and Federal case law where evidence was presented that the Defendant had a legal right to the return of his property.
>
> 3.   Did the Trial Court err and/or abuse its discretion when it violated Defendant's 8th amendment[2] rights against excessive fines by taking Defendant's property after the original case was dismissed against him.

1925(b) Statement (emphasis added); R.R. 22a-23a. Thereafter, the trial court issued its PA.R.A.P. 1925(a) opinion to explain its ruling that Riley's claim has been waived. Trial Court 1925(a) Op. at 3. The 1925(a) Opinion elaborated on *Allen*, 107 A.3d 709. It explained that Riley's "motion" was required to be filed within 30 days of the entry of his guilty plea, even before completion of probation. Trial Court

---

[1] Rule 1925(b) states that where the court "desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal[.]" PA.R.A.P. 1925(b).

[2] U.S. Const. amend. VIII. It states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." *Id.*

3

1925(a) Op. at 3. Because Riley's petition did not meet this deadline, the trial court concluded that he waived his right to seek a return of his property.

On appeal,[3] Riley raises three issues. First, he argues that the trial court erred in relying upon *Allen*, 107 A.3d 709, because in that case the firearms were seized, not voluntarily surrendered. Second, he argues that the trial court erred in depriving him of property without due process. Third, he argues that the trial court erred by not transferring his petition for return of property to the civil division of the Delaware County Court of Common Pleas.

The Commonwealth of Pennsylvania responds that these issues have not been preserved and, thus, are waived.

## I. Waiver of All Issues on Appeal

We begin with the Commonwealth's contention that all of the issues raised by Riley have been waived because his Rule 1925(b) statement did not preserve them. It complains that Riley's "incredibly generic argument regarding 'state and federal' caselaw" did not preserve the issue that his petition for return of property was not governed by PA.R.Crim.P. 588. Commonwealth Brief at 10. Likewise, it contends that Riley's 1925(b) statement did not preserve the issues that Radnor Police acted unconstitutionally in refusing to return his firearms to him or that his petition should have been transferred to the civil division.

Riley counters that his Rule 1925(b) statement specifically challenged the trial court's refusal "to consider Defendant's motion for return of Defendant's guns." 1925(b) Statement, ¶1; R.R. 22a. His 1925(b) statement also stated that the

---

[3] We review an appeal of an order denying a motion for return of property to determine whether the trial court's findings of fact are supported by substantial evidence and whether the trial court abused its discretion or committed an error of law. *Singleton v. Johnson*, 929 A.2d 1224, 1227 n.5 (Pa. Cmwlth. 2007) (Pa.R.Crim.P. 588 case); *Commonwealth v. 1997 Chevrolet*, 106 A.3d 836, 847 n.9 (Pa. Cmwlth. 2014) (civil forfeiture case).

4

trial court's holding was "in violation of the State Courts [sic] forfeiture laws." *Id.* Riley argues these statements were sufficient to preserve his claim that the trial court did have jurisdiction over his petition and that its contrary jurisdictional conclusion was inconsistent with case law.

The Rules of Appellate Procedure authorize the trial judge to direct an appellant to file a statement of errors. It states, in relevant part, as follows:

> If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

PA.R.A.P. 1925(b). Rule 1925(b) also provides direction on the form and content of a 1925(b) statement. It states, in relevant part, as follows:

> (ii) The Statement shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge. *The judge shall not require the citation to authorities or the record*; however, appellant may choose to include pertinent authorities and record citations in the Statement.
>
> . . . .
>
> (iv) The Statement should not be redundant or provide lengthy explanations as to any error. Where non-redundant, non-frivolous issues are set forth in an appropriately concise manner, the number of errors raised will not alone be grounds for finding waiver.
>
> (v) Each error identified in the Statement will be deemed to include every subsidiary issue that was raised in the trial court[.]
>
> . . . .
>
> (vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

PA.R.A.P. 1925(b)(4) (emphasis added).

Notably, each error identified in the 1925(b) statement includes "every subsidiary issue." PA.R.A.P. 1925(b)(v). Whether a "subsidiary issue" has been "included" within the error identified "depends in substantial part upon the interrelationship between the two issues – i.e., whether resolution of the stated issue may depend, in whole or in part, upon the resolution of the unstated issue." *Commonwealth v. Price*, 284 A.3d 165, 170 (Pa. 2022) (*Price*). In *Descher v. Southeastern Pennsylvania Transportation Authority*, 212 A.3d 1179 (Pa. Cmwlth. 2019), for example, this Court held that a failure to install automated external defibrillators was a subsidiary issue subsumed in the stated error of employer negligence. An unstated issue is not subsidiary when it is separate and distinct from the stated error. In *Price*, 284 A.3d at 173, for example, the error identified was lack of probable cause for a search warrant, which did not include, as a subsidiary issue, whether certain evidence was admissible at trial.

Here, Riley's 1925(b) statement identified the error as the trial court's determination that it lacked jurisdiction and its erroneous application of "State . . . forfeiture laws." 1925(b) Statement, ¶1; R.R. 22a. This necessarily includes the subsidiary issue of the trial court's reliance on PA.R.Crim.P. 588, as construed in *Allen*, 107 A.3d 709, to hold Riley's petition untimely. Riley cannot be faulted for not including a specific reference to PA.R.Crim.P. 588 in his 1925(b) statement in light of the fact that the trial court did not do so either in its order or its 1925(a) opinion. Instead, the trial court referred only to *Allen*, 107 A.3d 709. Riley's 1925(b) statement expressly states that the trial court's order violated "State . . . case law" on forfeiture. 1925(b) Statement, ¶2; R.R. 23a. Not every request for return of property

surrendered to law enforcement is governed by PA.R.Crim.P. 588, as has been established by Pennsylvania's jurisprudence.

We reject the Commonwealth's argument that the jurisdictional error identified in Riley's 1925(b) statement did not preserve Riley's issue on appeal that Rule of Criminal Procedure 588 as construed in *Allen*, 107 A.3d 709, did not govern the timeliness of his petition for return of property.

## II.  Timeliness of Petition for Return of Property

Riley's petition for return of property did not purport to be filed pursuant to PA.R.Crim.P. 588, but the trial court so assumed.  Riley contends that Rule 588 applies to property obtained in connection with a criminal search and seizure.  By contrast, Riley voluntarily surrendered the property in order to be released on unsecured bail.  Riley directs this Court to *In re Frederick* (Pa. Cmwlth., No. 362 C.D. 2018, filed August 31, 2018) (*Frederick*) (unreported),[4] to support his contention that PA.R.Crim.P. 588 has no application to the return of property surrendered in connection with bail.

The Commonwealth does not respond to Riley's argument in this regard.  It simply notes that should this Court find that the trial court erred in its jurisdictional holding, then the matter should be remanded to the trial court.  It cautions that this Court, acting in its appellate jurisdiction, should not order the return of the firearms.

Central to Riley's appeal is Pennsylvania Rule of Criminal Procedure 588(A), and it states as follows:

---

[4] An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]"  Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

> A person *aggrieved by a search and seizure, whether or not executed pursuant to a warrant*, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

PA.R.Crim.P. 588(A) (emphasis added). Rule 588 does not express a time limit, but it has been construed to imply one.

In *Allen*, 107 A.3d at 717, the appellant was arrested during a traffic stop for possession of a controlled substance. In the course of the arrest, police seized $1,061 from the appellant. The prosecution withdrew the charges and did not prosecute. Eight years later, the appellant filed a motion pursuant to PA.R.Crim.P. 588 seeking the return of the $1,061. The common pleas court dismissed the petition because it was filed more than seven years after final disposition of his case. On appeal, this Court affirmed, holding that the petition was untimely under the residual six-year limitations period in Section 5527(b) of the Judicial Code. 42 Pa. C.S. §5527(b). The Supreme Court affirmed on other grounds. Noting that Rule 588 did not expressly address the question of timeliness, the Supreme Court observed that the rule was precise as to who may file and where that motion must be filed. Thus, the Supreme Court discerned that "a return motion is timely when it is filed by an accused in the trial court while it retains jurisdiction, which is up to thirty days after disposition." *Allen*, 107 A.3d at 717. Since the appellant in *Allen* did not move for the return of property within 30 days following the dismissal of the criminal charges, he waived any right to seek the return of property under Rule 588. By that point, the trial court had lost jurisdiction.

The deadline for seeking a return of property is different where the property sought to be returned has not been obtained by search and seizure. In such

8

a case, it is the residual statute of limitations in the Judicial Code that governs the deadline. 42 Pa. C.S. §5527(b).[5]

In *Frederick* (Pa. Cmwlth., No. 362 C.D. 2018, filed August 31, 2018), the defendant was arrested in 2008 on charges of carrying firearms without a license and possessing firearms in a court facility. As a condition of bail, the defendant surrendered multiple firearms to the sheriff's office. In 2011, the defendant was convicted of carrying firearms without a license and sentenced to two years' probation, during which he was prohibited from possessing, purchasing, or using any firearms. While his appeal was pending, the defendant executed a notarized "Bill of Sale" transferring the firearms held by the sheriff's office to Frederick. *Frederick*, slip op. at 3. In 2014, the defendant's appeal was denied.

When the sheriff refused to release the firearms to Frederick, he filed a petition for return of property. The common pleas court granted Frederick's petition, and the Commonwealth appealed to this Court. It argued that Frederick's petition was untimely because Frederick, as a transferee, stood in the shoes of the defendant, who had failed to file a timely petition for return of property under Rule 588.

This Court held that *Allen* was limited "to cases where the criminal defendant is the property owner seeking return of previously seized property." *Frederick*, slip op. at 6. By contrast, in *Frederick*, it was not the defendant who sought the return of the firearms. Further, the defendant had voluntarily surrendered the firearms as a condition of bail. The firearms were not confiscated by law

---

[5] Section 5527(b) states:

> Other civil action or proceeding.--Any civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation) must be commenced within six years.

42 Pa. C.S. §5527(b).

9

enforcement in a search and seizure. As a result, there was "no jurisdictional basis upon which [the defendant] could have filed a motion for return of property pursuant to PA.R.Crim.P. 588." *Id.*, slip op. at 8.

We concluded that Frederick's petition was subject to the residual statute of limitations in Section 5527(b) of the Judicial Code, which provides that "[a]ny civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation . . . must be commenced within six years." 42 Pa. C.S. §5527(b). Because Frederick filed his petition for return of property within six years of the surrender of the firearms to the sheriff's office, it was timely filed. Accordingly, we affirmed the common pleas court.

In *In re: Return of Personal Property*, 180 A.3d 1288 (Pa. Cmwlth. 2018), we again applied the residual statute of limitations to a return of property request. In that case, the police department responded to a domestic disturbance, finding a person passed out with a loaded .45 caliber pistol in his hand. The police transported him to the hospital, which discharged him five hours later. In the meantime, the police seized, "for safety" reasons, firearms, knives, swords, bows, and ammunition. *Id.* at 1290. Thirteen years later, the owners filed a motion for the return of the property seized for safety reasons. The township argued that a six-year statute of limitations under Section 5527(b) of the Judicial Code applied and, thus, the petition was time-barred. The common pleas court granted the motion for the stated reason that the township's police department lacked any basis to hold the weapons. On appeal, this Court reversed, holding that there was no jurisdictional basis for the filing of a motion pursuant to PA.R.Crim.P. 588. Accordingly, the

10

residual statute of limitations in Section 5527(b) applied, and the owners' petition missed that deadline by seven years.

Here, the trial court erred in holding it lacked jurisdiction over Riley's petition for return of property. As stated by our Supreme Court, "[i]t is the search and seizure of the property . . . that triggers the ability to move for the return of the seized property" pursuant to PA.R.Crim.P. 588. *Allen*, 107 A.3d at 717. Riley's firearms were not seized by Radnor Police in conjunction with his arrest or criminal charges. Rather, the firearms were voluntarily turned over to Radnor Police. Indeed, Riley could not have filed a motion for return of property under Rule 588. *Frederick*, slip op. at 8.

That Riley surrendered his firearms as part of his bail does not change the timeliness analysis. Bail is separate from other criminal procedures. "Bail has been long recognized as a procedure whereby an individual defendant provides a form of collateral 'in exchange for the defendant's release from custody; it secures his future appearance and other requirements of his bond[.]'" *Commonwealth v. Chopak*, 615 A.2d 696, 702 (Pa. 1992) (quoting *Commonwealth v. McDonald*, 382 A.2d 124, 126 (Pa. 1978)). The Judicial Code provides that "all matters relating to the fixing, posting, forfeiting, exoneration and distribution of bail and recognizances shall be governed by general rules." 42 Pa. C.S. §5702. Rule of Criminal Procedure 527(A)(3)[6] permits a bail authority to impose nonmonetary conditions of release on

---

[6] It states:

> (A) When the bail authority determines that, in addition to the conditions of the bail bond required in every case pursuant to Rule 526(A), nonmonetary conditions of release on bail are necessary, the categories of nonmonetary conditions that the bail authority may impose are:
>
> . . . .

11

bail to ensure the defendant's appearance and compliance with the conditions of the bail bond. PA.R.Crim.P. 527(A)(3). The Rules of Criminal Procedure provide that, after full and final disposition of the case, any money or security deposited must be returned to the depositor. PA.R.Crim.P. 535(D).[7] The Superior Court has observed that "nowhere in the rules is the return of bail conditioned upon the filing of a motion." *Commonwealth v. Burke*, 801 A.2d 1257, 1260 (Pa. Super. 2002).

We conclude that *Allen*, 107 A.3d 709, was improperly invoked and applied by the trial court to Riley's petition for return of property. We are persuaded by the holding in *Frederick* (Pa. Cmwlth., No. 362 C.D. 2018, filed August 31, 2018), and follow its reasoning to reach our conclusion that the trial court erred in dismissing Riley's petition and not deciding its merits.

### III. Conclusion

Riley surrendered his firearms as a condition of bail. As such, PA.R.Crim.P. 588 as construed in *Allen*, 107 A.3d 709, had no application to Riley's petition for return of property. The trial court erred in holding that Riley's petition was untimely. Accordingly, we vacate the trial court's order and remand the matter for consideration of the merits of Riley's petition for return property.

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

> (3) any other appropriate conditions designed to ensure the defendant's appearance and compliance with the conditions of the bail bond.

PA.R.Crim.P. 527(A)(3).

[7] It states:

> Unless a motion is filed pursuant to paragraph (E), within 20 days of the full and final disposition of the case, the deposit shall be returned to the depositor, less any bail-related fees or commissions authorized by law, and the reasonable costs, if any, of administering the percentage cash bail program.

PA.R.Crim.P. 535(D).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania :
                                :
              v.                :        No. 1493 C.D. 2019
                                :
Owen Riley,                     :
              Appellant         :

**O R D E R**


AND NOW this 30th day of December, 2024, the order of the Court of Common Pleas of Delaware County, dated September 25, 2019, is VACATED and the matter REMANDED for consideration of the merits of Owen Riley's Petition for Return of Property.

Jurisdiction is relinquished.


_____
MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | No. 1493 C.D. 2019 |
| | : | |
| Owen Riley, | : | |
| Appellant | : | Submitted: September 9, 2024 |

BEFORE: HONORABLE ELLEN CEISLER, Judge
HONORABLE LORI A. DUMAS, Judge
HONORABLE MARY HANNAH LEAVITT, Senior Judge

DISSENTING OPINION
BY JUDGE CEISLER                                                    FILED: December 30, 2024

Respectfully, I disagree with the Majority's conclusion that Mr. Riley properly preserved his claim regarding the applicability of *Commonwealth v. Allen*, 107 A.3d 709 (Pa. 2014), for appellate review.

The issues in Mr. Riley's appellate brief are completely different than the issues he raised in his Pa.R.A.P. 1925(b) Concise Statement of Errors Complained of on Appeal (1925(b) Statement). His 1925(b) Statement included three claims: a sufficiency of the evidence claim, an "excessive fines" claim under the "8th amendment[, U.S. Const. amend. V,]" and an ambiguous claim regarding "[s]tate and [f]ederal case law." Reproduced Record (R.R.) at 22a-23a. The only issue in Mr. Riley's 1925(b) Statement that specifically addresses his Petition for Return of Property (Petition) is the following:

> Did the [the Court of Common Pleas of Delaware County (Trial Court)] err and/or abuse its discretion in failing to consider [Mr. Riley's Petition] for the return of [his] guns in violation of the [s]tate [c]ourt[] forfeiture laws, *when there was sufficient evidence that Police had no legal right to retain his property and that* [*Mr. Riley*] *had a legal right to possess the guns*.

*Id.* at 22a (emphasis added).[1] The Majority concludes that Mr. Riley's reference to a "violation of the [s]tate [c]ourt[] forfeiture laws" satisfies the requirements of Rule 1925(b). The Majority also finds that Mr. "Riley's 1925(b) [S]tatement identified the error as the trial court's determination that it lacked jurisdiction[.]" *Com. v. Riley* (Pa. Cmwlth., No. 1493 C.D. 2019, filed December 30, 2024), slip op. at 6-7. I cannot agree, as I do not believe Mr. Riley's vague reference to "[s]tate [c]ourt[] forfeiture laws" preserved any "jurisdictional error" for appellate review.

In my view, the plain language of Mr. Riley's stated issue demonstrates that, with regard to the Petition, he limited his challenge to whether "there was sufficient evidence that [Radnor Township Police (Police)] had no legal right to retain his property and that [Mr. Riley] had a legal right to possess the guns." R.R. at 22a. Critically, Mr. Riley did not mention either the timeliness of his Petition or the applicability of *Allen* in his 1925(b) Statement. Unlike the Majority, I do not believe those very distinct legal questions are "subsidiary" to the sufficiency of the evidence claim raised in Mr. Riley's 1925(b) Statement.

Recently, in *Commonwealth v. Price*, 284 A.3d 165 (Pa. 2022), the Pennsylvania Supreme Court addressed what may be considered a "subsidiary" issue when reviewing a 1925(b) Statement for the preservation of appellate issues. The Court explained:

> [T]o be a "subsidiary issue," the unstated issue must be "included" within the stated issue. Whether the unstated issue is fairly "included" within the stated issue depends in substantial part upon the interrelationship between the two issues – i.e., whether resolution of the stated issue may depend, in whole or in part, upon the resolution of the unstated issue. In other words, the question is whether resolution of the two issues is *sufficiently connected to each other such that the*

---

[1] In contrast, in his appellate brief, Mr. Riley challenges the denial of his Petition on the following basis: "Was the Trial Court's reliance on *Commonwealth v. Allen* in denying [Mr. Riley's] request to have his firearms returned to him correct when all but one of the firearms had not been 'seized,' but had been 'surrendered' by [Mr. Riley]?" Riley Br. at 5.

*resolution of one may depend in some respect upon resolution of the other. This interrelationship typically occurs when the unstated issue is an element of, or important to, the broader stated issue. . . .*

*Conversely, an unstated issue is not subsidiary when it is separate and distinct from the stated issue.*

*Id.* at 170-71 (footnote omitted; emphasis added). For example, in *Price*, the Supreme Court held that the "inevitable discovery doctrine is *not* a subsidiary issue to a claim of adequate probable cause to support the issuance of a search warrant," because inevitable discovery is an exception to the warrant requirement. *Id.* at 173 (emphasis added); *see also Com. v. Goncalves* (Pa. Cmwlth., No. 260 C.D. 2023, filed Sept. 20, 2024) (holding that the appellant's 1925(b) Statement did not raise the issue of whether the defendant's improper service of violation notices relieved her of liability and that issue was not subsidiary to any of the issues in her 1925(b) Statement); *Shanfelt v. Progressive Advanced Ins. Co.* (Pa. Super., No. 1804 EDA 2022, filed Mar. 21, 2023), 2023 WL 2583846 (finding no subsidiary issue where the appellant's 1925(b) Statement "made no reference to the trial court prematurely granting [the defendant's] motion for judgment on the pleadings or the trial court's failure to order additional discovery to resolve alleged disputed issues of material fact"). *But see In re A.M.T.* (Pa. Super., No. 937 WDA 2024, filed Nov. 14, 2024), 2024 WL 4785026 (holding that the issue of whether the trial court erred in finding clear and convincing evidence to support the termination of parental rights was subsidiary to the stated issue in the 1925(b) Statement of whether the trial court erred in terminating parental rights).

This case does not present a scenario where the issue identified in the 1925(b) Statement is subsumed within, or an element of, the newly asserted issue, as in *A.M.T.* or *Descher v. Southeastern Pennsylvania Transportation Authority*, 212

A.3d 1179 (Pa. Cmwlth. 2019), which the Majority cites.[2]  Therefore, I would conclude that Mr. Riley's presently asserted jurisdictional claim is "separate and distinct" from the substantive issue in his 1925(b) Statement of whether "there was sufficient evidence that Police had no legal right to retain his property and that [Mr. Riley] had a legal right to possess the guns."  R.R. at 22a.

Moreover, the Trial Court's denial of the Petition as untimely under *Allen* was known to Mr. Riley when he filed his 1925(b) Statement.  In fact, that was the *sole basis* for the Trial Court's decision, as stated in the Order from which Mr. Riley appealed.  *See* Trial Ct. Order, 9/25/19, at 1.  Yet, as the Trial Court observed, Mr. Riley failed to raise either the timeliness of his Petition or the applicability of *Allen* in his 1925(b) Statement, and Mr. Riley offers no explanation as to why he failed to do so.[3]  *See* Trial Ct. Op., 11/20/19, at 1 n.1 (noting that Mr. Riley's 1925(b) Statement failed to address "the grounds for denial . . . set forth in the [Trial Court's] September 25, 2019 Order").

While subject matter jurisdiction is a non-waivable issue, the specific issue Mr. Riley raises in his appellate brief is whether the Trial Court erred in applying *Allen*'s holding to the facts of this case.  He is not attempting to challenge the Trial Court's jurisdiction in the first instance on appeal, as is typically the case when the non-waivability rule is applied.  Rather, *the Trial Court* directly raised the issue of timeliness *sua sponte* in its Order denying Mr. Riley's Petition.  Thus, Mr. Riley was fully aware of the Trial Court's reason for denying his Petition when he filed his 1925(b) Statement raising entirely different issues.  Our Supreme Court has held that "*where an issue is cognizable in a given proceeding and is not raised it is waived*

---

[2] In *Descher*, this Court determined that "the issues of duty and breach as related to a 'safety rule'" were "subsidiary to the larger issue of negligence that [the a]ppellant preserved" in her 1925(b) Statement.  212 A.3d at 1185.

[3] It appears from the record that Mr. Riley retained new counsel before filing his brief with this Court raising the new issues.

and will *not* be considered on a review of that proceeding." *Com. v. Romberger*, 378 A.2d 283, 286 (Pa. 1977) (emphasis added); *see also Dennis v. Inglis House (Workers' Comp. Appeal Bd.)*, 303 A.3d 559, 566 (Pa. Cmwlth. 2023) ("An issue is waived *unless it is preserved at every stage of the proceeding*.") (emphasis added). Despite his clear knowledge of the timeliness issue that was the basis of the Trial Court's decision, Mr. Riley chose not to raise that issue in his 1925(b) Statement.

Accordingly, because I would conclude that Mr. Riley failed to properly preserve his issues for appeal, I would find them waived and quash the appeal.[4] For these reasons, I respectfully dissent.

_____
ELLEN CEISLER, Judge

---

[4] Even if I was to reach the merits of Mr. Riley's claim, I disagree with the Majority's reliance on this Court's decision in *In re Frederick* (Pa. Cmwlth., No. 362 C.D. 2018, filed August 31, 2018), to support its conclusion that *Allen* is inapplicable here. *Frederick* involved a motion for return of property filed by a third party who was *not* the criminal defendant in the underlying case. The *Frederick* Court specifically held:

> [T]he *Allen* Court expressly limited its decision to cases where the criminal defendant is the property owner seeking return of previously seized property. *The Supreme Court expressly stated that it did not address the timing of a motion for return of property filed by a third party. Accordingly, Allen does not control this matter in which Frederick, a third-party claimant, has filed a motion for return of non-contraband property held by the Centre County Sheriff's Office.*
>
> Instead, Frederick's Petition for Return of Property is subject to the residual catchall statute of limitations contained in Section 5527(b) of the Judicial Code [42 Pa.C.S. § 5527(b)].

*Id.*, slip op. at 6-7 (emphasis added). It is true that, following its holding, the *Frederick* Court went on to state that because the criminal defendant had surrendered the firearms as a condition of bail, "there would have been no jurisdictional basis" for him to file a motion for return of property under Pa.R.Crim.P. 588. *Id.*, slip op. at 8. However, that statement was dictum, as the *only* matter before this Court was a motion for return of property filed by a third-party claimant, which is not the case here. In any event, I would not reach this issue because, as explained above, I believe Mr. Riley waived his present claims by failing to raise them in his 1925(b) Statement.