IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Heather Hoffman,                      :
                    Appellant         :
                                      :
            v.                        :
                                      :
Commonwealth of Pennsylvania,         :
Department of Transportation,         :   No. 1284 C.D. 2019
Bureau of Driver Licensing            :   Submitted: August 7, 2020


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                           FILED: September 17, 2020


            Heather Hoffman (Hoffman) appeals from the Chester County Common

Pleas Court's (trial court) June 28, 2019 order dismissing her *nunc pro tunc* appeal

from her 2004 operating privilege suspension as frivolous, pursuant to Pennsylvania

Rule of Civil Procedure No. (Rule) 240(j)(1).  The sole issue before this Court is

whether Hoffman's *nunc pro tunc* appeal was frivolous.  After review, we affirm.

            On January 23, 2004, the Commonwealth of Pennsylvania, Department of

Transportation, Bureau of Driver Licensing (DOT) suspended Hoffman's operating

privilege in accordance with Section 1772 of the Motor Vehicle Financial

Responsibility Law.[1]  On or about June 7, 2019, DOT mailed Hoffman a Restoration

Requirements Letter (Restoration Letter), in which DOT communicated that Hoffman

was required to satisfy a Lancaster County judgment filed against her as a result of a

November 13, 2001 motor vehicle accident.  In addition, the Restoration Letter stated

that Hoffman had failed to satisfy fines and costs owed to the Chester County Clerk of

_____

[1] 75 Pa.C.S. § 1772 (relating to suspension for nonpayment of judgments).

Courts for violations that occurred on February 11 and April 13, 2016. On June 14, 2019, Hoffman filed a petition (Petition) with the trial court to proceed *in forma pauperis* (IFP) with her *nunc pro tunc* appeal. On June 28, 2019, the trial court dismissed Hoffman's *nunc pro tunc* appeal pursuant to Rule 240(j)(1). Hoffman appealed to the Pennsylvania Superior Court, which transferred the matter to this Court.[2]

On June 4, 2020, Hoffman filed a Motion for Relief from Default, which appeared to request a stay of her license suspension (Application for Supersedeas). On June 8, 2020, DOT filed an answer thereto. That same day, Hoffman filed a reply to DOT's answer. By June 24, 2020 Order, this Court denied the Application for Supersedeas. On June 24, 2020, Hoffman filed a Motion for Reconsideration. On June 27, 2020, Hoffman filed an Application for Relief seeking to introduce evidence to support her Motion for Reconsideration. DOT did not respond to either filing. By July 17, 2020 Order, this Court denied the Motion for Reconsideration and the Application for Relief.[3]

Initially, Rule 240(j)(1) provides:

> If, simultaneous with the . . . taking of an appeal, a party has filed a petition for leave to proceed [IFP], the court prior to

[2] "Our scope of review of an order dismissing an action under [Rule] 240(j)(1) is whether 'constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law.'" *Barren v. Pa. State Police*, 148 A.3d 486, 489 n.4 (Pa. Cmwlth. 2016) (quoting *Jones v. Doe*, 126 A.3d 406, 408 n.3 (Pa. Cmwlth. 2015)).

[3] On July 27, 2020, Hoffman filed an Application for Relief to File an Addendum to her Brief. On August 15, 2020, Hoffman filed a Request to Submit Exhibits. Pursuant to Pennsylvania Rule of Appellate Procedure 2113, "the appellant may file a brief in reply to matters raised by appellee's brief . . . not previously addressed in appellant's brief." Pa.R.A.P. 2113. Further, "[t]he law is well settled that an appellate court may not consider documents that are not part of the [original] record." *Twp. of Neshannock v. Kirila Contractors, Inc.*, 181 A.3d 467, 472 (Pa. Cmwlth. 2018). Because Hoffman's proffered addendum does not reply to matters contained in DOT's brief and is otherwise not relevant to the issue before the Court, and the submitted exhibits are not part of the original record, Hoffman's July 27, 2020 and August 15, 2020 requests are denied.

acting upon the petition may dismiss the . . . appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

> *Note:* A frivolous action or proceeding has been defined as one that 'lacks an arguable basis either in law or in fact.' *Neitzke v. Williams*, 490 U.S. 319 . . . (1989).

Pa.R.C.P. No. 240(j)(1).

The trial court explained in its order:

[Hoffman] seeks [IFP] status in order to file a *nunc pro tunc* license suspension appeal. In reality, what [Hoffman] attempts to appeal herein is the June 7, 2019 Restoration [] Letter issued by [DOT]. The Restoration Letter requires [Hoffman] to satisfy a judgment against her filed in Lancaster County as a result of an accident that occurred on November 13, 2001. In addition, [Hoffman] failed to satisfy fines and costs owed to the Chester County Clerk of Courts for violations that occurred on February 11, 2016 and April 13, 2016. [Hoffman] pleads that she is a victim of an unfair default judgment in Lancaster County. In essence, [Hoffman] seeks to collaterally attack the Lancaster County judgment by means of filing a *nunc pro tunc* appeal of [DOT's] Restoration Letter. As such, [Hoffman's] *nunc pro tunc* appeal request is frivolous and has no basis in law or fact and does not demonstrate a breakdown in the system that would constitute the basis to grant a *nunc pro tunc* license suspension appeal.

Trial Ct. June 28, 2019 Order at 1 n.1 (italics added). Hoffman, however, does not address the trial court's order in her brief. Rather, Hoffman argues the merits of the Lancaster County judgment, which are not before this Court.

In *Plair v. Department of Transportation, Bureau of Driver Licensing* (Pa. Cmwlth. No. 557 C.D. 2011, filed September 13, 2011),[4] the petitioner therein

---

[4] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported panel decision of this Court issued after January 15, 2008, may be cited for its persuasive value, but not as binding precedent. *Plair* is cited herein for its persuasive value.

similarly attempted to appeal from his 2010 restoration letter, as opposed to his 2006 operating privilege suspension, and the Blair County Common Pleas Court dismissed the appeal as untimely. The *Plair* Court upheld the trial court's decision, reasoning:

> In order to timely appeal the suspension of his driving privilege, a licensee is required to file an appeal within thirty days of the mailing date of DOT's notice of suspension. *See* Sections 5571(b) and 5572 of the Judicial Code, 42 Pa.C.S. §§ 5571(b) and 5572. Courts may grant leave to appeal *nunc pro tunc* in extraordinary circumstances. Traditionally, leave to appeal *nunc pro tunc* is only granted when a party fails to timely appeal due to fraud or an administrative breakdown in operations. More recently, leave to appeal *nunc pro tunc* has been extended when an appeal was filed late due to non-negligent circumstances on the part of the appellant or his counsel. Our Pennsylvania Supreme Court has explained that the exception for allowance of an appeal *nunc pro tunc* for non-negligent circumstances is limited to unique and compelling cases in which an appellant establishes an attempt to file the appeal but was precluded from doing so due to unforeseeable and unavoidable events. *Criss v. Wise*, . . . 781 A.2d 1156 ([Pa.] 2001).

*Plair*, slip op. at 4 (italics added; citations omitted).

Here, Hoffman attempted to appeal from her 2004 operating privilege suspension referenced in the Restoration Letter. The suspension was effective January 23, 2004, the same day DOT mailed the suspension notice to Hoffman. Because the appeal period began to run when DOT issued the suspension notice in 2004, Hoffman's 2019 appeal was well past the 30-day limit for a timely appeal therefrom. Further, Hoffman offered no justification for *nunc pro tunc* consideration.

> This Court has held:
>
> Appeals filed beyond the 30-day appeal period are untimely and deprive the trial court of subject matter jurisdiction over the appeals.
>
> In addition, statutory appeal periods are mandatory and may not be extended as a matter of grace or mere indulgence. By

4

permitting a licensee to file a late appeal, the trial court enlarges the appeal period, thereby extending itself jurisdiction it would not otherwise have.

*Williamson v. Dep't of Transp., Bureau of Driver Licensing*, 129 A.3d 597, 601 (Pa. Cmwlth. 2015) (citations omitted).  Because the trial court did not have jurisdiction over Hoffman's late-filed appeal, Hoffman's *nunc pro tunc* appeal has no basis in law or fact.  Accordingly, the trial court properly concluded that Hoffman's *nunc pro tunc* appeal is frivolous.

For all of the above reasons, the trial court's order is affirmed.


_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Heather Hoffman,            :
           Appellant      :
           :
       v.               :
           :
Commonwealth of Pennsylvania,     :
Department of Transportation,      :     No. 1284 C.D. 2019
Bureau of Driver Licensing        :

## O R D E R

AND NOW, this 17th day of September, 2020, the Chester County Common Pleas Court's June 28, 2019 order is AFFIRMED.

Heather Hoffman's July 27, 2020 Application for Relief to File an Addendum to her Brief and August 15, 2020 Request to Submit Exhibits are DENIED.

_____
ANNE E. COVEY, Judge