**Troy BEAM, Appellant,**

**v.**

**Donald DAIHL, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 17, 2000.

Filed Jan. 22, 2001.

Toni L. Cavanagh, Springfield, for appellant.

A. Taylor Williams, Philadelphia, for appellee.

BEFORE: POPOVICH, FORD ELLIOTT and BROSKY, JJ.

POPOVICH, J.:

¶ 1 This is an appeal from the order entered in the Court of Common Pleas of Cumberland County which dismissed ap-

tion over subject matter and person." *Feingold, supra.* On the contrary, we find that appellee did not lack subject matter jurisdiction over appellant. Pursuant to 42 Pa.C.S.A. § 1515, appellee retained subject matter jurisdiction over appellant despite the transfer of appellant's cases to another magistrate. 42 Pa.C.S.A. § 1515 provides in pertinent part:

Pa.C.S.A § 1515. Jurisdiction and venue.

(A) JURISDICTION.—Except as otherwise prescribed by general rule adopted pursuant to section 503 (relating to reassignment of matters), district justices shall, under procedures prescribed by general rule, have jurisdiction of all of the following matters:

(4) As commissioners to preside at arraignments, fix and accept bail, except for offenses under 18 Pa.C.S §§ 2502 (relating to murder) and 2503 (relating to voluntary manslaughter) for which the fixing and accepting of bail shall be performed by any judge of any court of common pleas, and to issue warrants and perform duties of a similar nature, including the jurisdiction of a committing magistrate in all criminal proceedings.

¶ 7 42 Pa.C.S.A. § 1515(4) clearly states that district justices have jurisdiction to issue warrants. As stated in *Feingold, supra,* there must be a clear absence of all jurisdiction over subject matter and person to deprive the magistrate of judicial immunity. Appellee retained subject matter jurisdiction over appellant because he had authority to issue arrest warrants. Thus, the doctrine of judicial immunity bars appellant's civil action against appellee. Accordingly, we find no recovery is possible on the facts averred and affirm

the lower court's dismissal of this case with prejudice.[3]

¶ 8 Order affirmed.

---

**3.** We note that the lower court based its ruling largely on the fact that President Judge Sheely's order transferred appellant's cases for "adjudication and disposition" to another magistrate and that the issuance of an arrest warrant does not qualify as a "disposition." Trial court opinion, p. 5. While we agree with the court's conclusion, we hold that the doctrine of judicial immunity applies because appellee retained subject matter jurisdiction over appellant.