# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kenneth L. Voneida,                                 :
                        Appellant                   :
                                                    :
            v.                                      :   No. 586 C.D. 2022
                                                    :   Submitted: February 6, 2024
Commonwealth of Pennsylvania,                       :
Andrew Dowling, and                                 :
Francis T. Chardo                                   :

**OPINION NOT REPORTED**

**MEMORANDUM OPINION**
**PER CURIAM**                              **FILED: March 6, 2024**

Kenneth L. Voneida appeals, pro se, from the Order of the Court of Common Pleas of Dauphin County (trial court) dated December 17, 2021, that sustained the preliminary objections (POs) of Andrew Dowling (Judge Dowling), a judge on the trial court, and dismissed Voneida's "Action for Declaratory Judgment" (Complaint) with prejudice. The trial court concluded that Judge Dowling was entitled to both sovereign and judicial immunity for the claims brought against him by Voneida, all of which involved Judge Dowling performing the duties of his position as a judge. The trial court further concluded that Voneida's declaratory judgment action failed to state a claim under Section 7541(c)(3) of the Declaratory Judgments Act (Act) because relief under the Act is not "available with respect to any 'proceeding involving an appeal from an order of a tribunal.'" (Order ¶ 3b-d (quoting 42 Pa.C.S. § 7541(c)(3)[1]).) On appeal, Voneida does not address how the trial court erred in its December 17, 2021 Order, but argues the merits of the Complaint and why he thinks

_____

[1] Relevantly, Section 7541(c)(3) provides that relief under the Act "shall not be available . . . with respect to any[] [p]roceeding involving an appeal from an order of a tribunal." 42 Pa.C.S. § 7541(c)(3).

that the courts (at the trial and appellate, as well as state and federal, levels), attorneys, and other entities (such as the Pennsylvania State Police's (PSP) background check unit and the Juvenile Law Center (JLC)), have violated his rights under the United States and Pennsylvania Constitutions and committed a fraud against him. Judge Dowling and Francis T. Chardo (Chardo),[2] the District Attorney of Dauphin County, argue the trial court's Order should be affirmed. Upon review, we affirm the Order.

## I.    BACKGROUND

This matter appears to arise from a 2007 criminal case involving Voneida's son, Steven Voneida (Son), who resided with Voneida and who, after making an online threat of violence and the discovery of firearms in Son's room and a common area of Voneida's home, was charged and convicted in state court of persons not to possess firearms pursuant to Section 6105(a) of the Crimes Code, 18 Pa.C.S. § 6105(a),[3] and in federal court of making threatening communications in violation

---

[2] It appears that Chardo, while listed on the Complaint's certificate of service, was not included on the Complaint's caption, and he did not participate before the trial court. (Original Record (O.R.) Item 3.)

[3] Section 6105(a)(1) of the Crimes Code states, in pertinent part:

> A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess . . . or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S. § 6105(a)(1). Included in the offenses resulting in a prohibition against possessing a firearm is aggravated assault under Section 2702 of the Crimes Code, 18 Pa.C.S § 2702, and any person who was adjudicated delinquent for conduct that would constitute that offense had they been an adult. 18 Pa.C.S. § 6105(b), (c).

of Section 875(c) of the federal Crimes Code, 18 U.S.C. § 875(c).[4] *See United States v. Voneida*, 337 Fed. App'x 246, 247 (3d Cir. 2009) (*S. Voneida Fed.*); *Commonwealth v. Voneida* (Pa. Super., No. 1505 MDA 2012, filed March 22, 2013), 2013 WL 11275462, *1 (*S. Voneida Pa.*), *appeal denied*, 89 A.3d 661 (Pa. 2014). Son was prohibited from possessing firearms, having been adjudicated delinquent of aggravated assault in 1997, and the firearms were confiscated during the search of Voneida's home in connection with the criminal proceedings. The firearms had been purchased by Voneida. *See Voneida v. Pennsylvania*, 508 Fed. App'x 152, 153 (3d Cir. 2012) (*K. Voneida Fed.*). Son filed a direct appeal from his state judgment of sentence, as well as a series of Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, petitions, all of which were denied.

In its denial of Son's direct appeal, the Superior Court rejected Son's argument that he was not prohibited from possessing firearms because his adjudicated delinquency occurred when he was 13 years old. *S. Voneida Pa.*, slip op. at 2-3, 2013 WL 11275462 at * 1. The Superior Court's decision was not appealed to the Pennsylvania Supreme Court. *Id.* Judge Dowling was the trial judge presiding over the criminal matter and PCRA claims.[5] As part of his opinion denying Son's PCRA claims, Judge Dowling rejected, as the Superior Court had, the contention that Son was not prohibited from possessing firearms because his adjudicated delinquency occurred when he was 13 years old. Judge Dowling expressly explained why Son's interpretation of the statutory provisions, which

---

[4] Section 875(c) of the federal Crimes Code makes it a federal offense to "transmit[] in interstate or foreign commerce any communication containing . . . any threat to injure the person of another," and that such offense is punishable by a fine, up to five years' imprisonment, or both. 18 U.S.C. § 875(c).

[5] Another judge also presided over Son's criminal proceedings, but that judge retired prior to their completion.

appears to have been based upon publications by the JLC, was incorrect. (Reproduced Record (R.R.) at 41-43.[6]) Judge Dowling's decision was affirmed by the Superior Court. *S. Voneida Pa.*, slip op. at 1, 2013 WL 11275462.

Thereafter, Voneida filed a lawsuit against various individuals, including attorneys in the Dauphin County District Attorney's office (DA's Office), the police department that searched his home, and the PSP (which Voneida asserted had given Son clear firearm background checks), claiming the search of his residence and prosecutions of Son violated multiple provisions of the United States Constitution. *Voneida v. Stoehr*, 512 Fed. App'x 219, 220 (3d Cir. 2013). The United States District Court for the Middle District of Pennsylvania (District Court) granted motions to dismiss based on the expiration of the statute of limitations for Voneida's claims, which the United States Court of Appeals for the Third Circuit (Third Circuit) affirmed. *Id.* Voneida also sued the Commonwealth of Pennsylvania (Commonwealth) and PSP, challenging certain statutory provisions related to the sale of firearms, including whether a juvenile delinquency occurring at the age of 13 could form the basis of a prohibition against possession of firearms. The District Court dismissed the action based on Voneida's lack of standing because he had not been charged with any crime relating to the incident with Son and because his arguments were based on a misunderstanding of the statutes. *K. Voneida Fed.*, 508 Fed. App'x at 153-54. The Third Circuit affirmed based on a lack of standing. *Id.*

Voneida also filed a petition for return of property (Petition for Return) asserting he was the lawful owner of the seized firearms and seeking the return of

---

[6] Although Judge Dowling's PCRA opinion is not contained with the Original Record in this matter, we will take judicial notice thereof as an official court document. The Reproduced Record is not paginated, as required by Pennsylvania Rule of Appellate Procedure 2173, Pa.R.A.P. 2173, and, as such, the Court will use the physical page numbers of the document.

4

one firearm that had not yet been returned. *Commonwealth v. Voneida* (Pa. Cmwlth., No. 270 C.D. 2019, filed Jan. 9, 2020) (*Voneida PFR*). During those proceedings, Voneida argued that the firearm should not have been taken, his constitutional rights were infringed upon, and a fraud was committed against him by the state, the courts, and various attorneys. Judge Dowling explained in the proceedings on Voneida's Petition for Return that the Petition for Return was the only matter before him, which he granted and directed the return of the firearm at issue if it could be found. Notwithstanding the grant of the Petition for Return, Voneida appealed to this Court, arguing his rights to due process and equal protection were infringed upon and a fraud was committed against him by the Commonwealth, the courts, and others in the administration and enforcement of the firearms laws, which also infringed on his rights to possess firearms in the sanctuary of his home. *Id.*, slip op. at 6-7. We affirmed Judge Dowling's order, holding that Appellant had not presented any reviewable issues on appeal because the issues he argued were not before the trial court and challenges to the seizure itself were not within the scope of a return of property motion. *Id.* at 7-8.

## II. THE COMPLAINT AND POS

On April 20, 2021, Voneida filed the Complaint, naming the Commonwealth as the defendant and averring that Judge Dowling and the DA's Office

> denied [him] of [his] Constitutional Right to Know the Statutes of the Pennsylvania Firearms Law that criminalized [his] conduct of providing firearms to an individual who passed Official Pennsylvania State Police Criminal History Background checks conducted for a member of the General Public, with age 13 Juvenile conduct [sic]. The Orders of the Courts have all failed to be inclusive of the Statute of the Pennsylvania Firearms Law that gave the State the Power to revoke

5

[his] 2nd Amendment, [his] [a]rticle I[,] [s]ection 21,[7] Constitutional Rights and Protections, as punishment for [his] conduct of providing firearms to an individual who Passed Official Pennsylvania State Police Criminal History Background Checks conducted for a member of the General Public.

(Complaint at 3, Original Record (O.R.), Item 5.) Voneida asserted additional violations of his federal and state constitutional rights, including the rights to due process and equal protection, by using "firearms [Voneida owned and] retained within the Sanctuary of [his] home for enforcing the law on [Son] who lived with [him]" and "confiscat[ing] [his] firearms from the Sanctuary of [his] home for [his] conduct of violating some Statute of the Law of the Land." (*Id.* at 3, 17.) He maintained that he is "considered as a Criminal" and wants to know what law "criminalized [his] Conduct" of providing Son with firearms, making him an uncharged "accomplice" or "accessory" to Son's crime. (*Id.* at 4, 13-16.) And, to the extent Voneida did not violate a statute or law, Voneida sought an answer as to what justification the Commonwealth had for confiscating his firearms. (*Id.* at 27.) The Complaint was mailed via the United States Postal Service to Judge Dowling and Chardo. (*Id.* at 29.)

Judge Dowling filed POs to the Complaint. (O.R. Item 6.) Judge Dowling averred that Voneida's claims arose out of the performance of his duties as common pleas judge in matters over which that court had jurisdiction, Son's criminal trial, and, therefore, he was entitled to both sovereign and judicial immunity and dismissal of the Complaint. (POs ¶¶ 5-8.) Judge Dowling also asserted that the Complaint

---

[7] The Second Amendment to the United States Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST., amend. II. Article I, section 21 of the Pennsylvania Constitution states: "The right of the citizens to bear arms in defence of themselves and the State shall not be questioned." PA. CONST. art. I, § 21.

6

failed to state a claim under Section 7541(c)(3) of the Act because it was, essentially, another appeal seeking to relitigate Son's conviction and initial seizure of the firearms. (*Id.* ¶ 9.) According to Judge Dowling, the issues had already been subject to multiple appeals and each time Voneida's (or Son's) arguments had been rejected. (*Id.*)

After oral argument, the trial court sustained the POs and dismissed the Complaint. The trial court found that at all times relevant to the Complaint, Judge Dowling was a commissioned judge and acting within the scope of his judicial duties, entitling him to sovereign immunity from Voneida's claims. (Order ¶ 1 (citing Section 2310 of Title 1 of the Pennsylvania Consolidated Statutes, 1 Pa.C.S. § 2310,[8] and the Sovereign Immunity Act, 42 Pa.C.S. §§ 8521-8527 (setting forth the scope of sovereign immunity and circumstances under which sovereign immunity is waived)).) The trial court likewise found that Judge Dowling was immune from liability under the doctrine of judicial immunity because Voneida's claims against him arise from his performance of judicial acts in a matter falling within the court's subject matter jurisdiction. (*Id.* ¶ 2 (citing *Stump v. Sparkman*,

---

[8] Section 2310 states:

> Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly **that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity** and official immunity and remain immune from suit **except as the General Assembly shall specifically waive the immunity**. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedure) or 62 (relating to procurement) unless otherwise specifically authorized by statute.

1 Pa.C.S. § 2310 (emphasis added).

435 U.S. 349, 356-57 (1978); *Beam v. Daihl*, 767 A.2d 585, 586 (Pa. Super. 2001)).) Finally, the trial court agreed that Voneida had not stated a claim under the Act because he was "now seeking declaratory relief for an event that happened in the past, which has already been decided, and for which he has already sought appellate review." (*Id.* ¶ 3a.) The trial court held that declaratory relief was available to resolve "antagonistic claims indicating imminent and inevitable litigation" but was not available to adjudicate past conduct or in "any 'proceeding involving an appeal from an order of a tribunal.'" (*Id.* ¶ 3b-c (quoting 42 Pa.C.S. § 7541(c)(3)).) According to the trial court, Voneida was, essentially, pursuing another appeal seeking additional explanations for the prior determinations. (*Id.* ¶ 3d.) For these reasons, the trial court sustained the POs and dismissed the Complaint with prejudice. Voneida appealed to the Superior Court, which transferred Voneida's appeal to this Court.

## III. VONEIDA'S APPEAL

Voneida's arguments are difficult to discern, but from his brief, he appears to reiterate the premise of the Complaint: that he is the victim of fraud and constitutional violations, perpetrated by PSP, Judge Dowling, attorneys in the DA's Office (such as Chardo), the JLC, and various other attorneys. The asserted bases of this fraud are that the PSP gave Son a clear background check, which Voneida relied upon to purchase and possess guns in the same household as Son, and that Son should not have been prohibited from possessing firearms based on his age at the time of the delinquency, as set forth in publications by JLC. Voneida seems to argue that the seizure of his firearms from the sanctuary of his home, in conjunction with the improper prosecution and conviction of Son, the upholding of that conviction, and various interpretations of the law associated with these decisions, violated

8

multiple provisions of the United States and Pennsylvania Constitutions, the Pennsylvania Rules of Professional Conduct, and the Pennsylvania Code of Judicial Conduct. Voneida seeks an order from this Court directing Judge Dowling to explain what criminal laws Voneida violated when he kept firearms in the same household as Son, and, absent such explanation, his due process and equal protection rights, and right to bear arms, are violated.

Judge Dowling responds, arguing the merits of the trial court's decision and asserting that no error was made in dismissing the Complaint based on sovereign and judicial immunity and Voneida's failure to state a claim under the Act. Chardo was ordered to file a brief before the matter was transferred from the Superior Court. In it, he argues that, in addition to Voneida's failure to state a claim for the reasons set forth in Judge Dowling's brief and his own entitlement to judicial immunity as a prosecutor, the trial court's Order should be affirmed because Voneida has waived any challenge to the trial court's determinations on appeal because his brief does not explain how those determinations are erroneous. Chardo also raises procedural issues related to the lack of proper service of the Complaint, which was served by First Class Mail, and his not being named a party to the Complaint.

Voneida filed a reply brief, arguing that no courts and no attorneys have shown what law he violated that gave the Commonwealth the right to deprive him of his property located within his home. Voneida claims the seizure was "punishment" for his trusting PSP's background checks and the advice provided by, *inter alia*, JLC publications, upon which he, as an unrepresented third party, relied. (Voneida's Reply Br. at 5-6.) He adds more allegations of wrongdoing by attorneys involved in Son's prosecution and defense, and asserts he is seeking "closure" of the

9

issue of the seizure of his property based on his "allegedly criminal conduct" of keeping firearms in his house with Son. (*Id.* at 8.)

## IV. DISCUSSION

On appeal, Voneida reiterates the assertions he made in the Complaint, maintaining that he is entitled to an explanation as to what law he has violated. However, the trial court held that Voneida is not entitled to relief in this matter. We discern no error in the trial court's conclusions and dismissal of the Complaint with prejudice. There is no reasonable dispute that Judge Dowling's actions that form the basis of the Complaint occurred in the course and scope of his duties as a judge in a matter over which the trial court had jurisdiction, Son's criminal trial. As an official or employee of the Unified Judicial System acting within his official capacity, Judge Dowling is entitled to sovereign immunity for claims seeking declaratory relief and compelling affirmative action. 1 Pa.C.S. § 2310; *Finn v. Rendell*, 990 A.2d 100, 105 (Pa. Cmwlth. 2010) (holding that "sovereign immunity does apply to an action to compel state parties to act . . . ." (emphasis omitted)); *Stackhouse v. Pa. State Police*, 892 A.2d 54, 59, 61 (Pa. Cmwlth. 2006) (same). Further, Judge Dowling is entitled to judicial immunity. *Stump*, 435 U.S. at 356-57 ("A judge will not be deprived of [absolute judicial] immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citation omitted); *Beam*, 767 A.2d at 586 ("Judges are absolutely immune from liability for damages when performing judicial acts . . . provided there is not a clear absence of all jurisdiction over subject matter and person."). In addition, we discern no error in the trial court's conclusion that the Complaint, which seeks further explanation from Judge Dowling for prior determinations Voneida contends were made against him

10

and/or Son, is not cognizable under the Act and is, essentially, another appeal from Judge Dowling's prior orders. Under Section 7541(c)(3) of the Act, relief is not available under the Act under these circumstances.

Finally, we observe it is undisputed that Voneida was **never** charged with, let alone convicted of, committing a crime in relation to Son's possession of firearms. *See K. Voneida Fed.*, 508 Fed. App'x at 153-54. Instead, the firearms were seized as part of the criminal proceedings against Son, which ultimately resulted in Son's conviction in state court. Son's conviction was subject to direct appeals and PCRA proceedings, which included arguments that Son could not be charged with the crime of which he was eventually convicted, that were not resolved in his favor. *S. Voneida Pa.*, slip op. at 2-3, 2013 WL 11275462 at * 1; (R.R. at 41-43). The determination on this issue in Son's direct appeal was not appealed to the Pennsylvania Supreme Court, and Son's appeal to the Supreme Court of the Superior Court's decision upholding Judge Dowling's denial of Son's PCRA petition was denied. *S. Voneida Pa.*, slip op. at 1, 2013 WL 11275462 at * 1; *Commonwealth v. Voneida*, 89 A.3d 661 (Pa. 2014). It is similarly undisputed that Voneida engaged in the proper process to obtain the return of the firearms he asserted were his property by filing the Petition for Return pursuant to Pennsylvania Rule of Criminal Procedure 588(A), Pa.R.Crim.P. 588(A). This is how a third party can seek the return of property that was seized as a part of a criminal matter. *Id.*; *Voneida PFR*, slip op. at 3 n.4, 6. He prevailed in that proceeding and obtained an order directing the return of the firearm that had still not yet been returned to him. *Voneida PFR*, slip op. at 5. Each judicial decision filed, at the state and federal, and trial and appellate levels, provided explanations for its determinations, which were subject to appellate review where sought.

11

## V.    CONCLUSION

In sum, Voneida filed an action against Judge Dowling, and seemingly against Chardo/the DA's Office, seeking an explanation of what law Voneida violated that caused his firearms to be seized allegedly in violation of his constitutional rights. POs were filed by Judge Dowling and sustained by the trial court, which dismissed the Complaint with prejudice. Discerning no error in the trial court's determinations, we affirm the trial court's Order.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kenneth L. Voneida, :
               Appellant :
               :
            v. : No. 586 C.D. 2022
               :
Commonwealth of Pennsylvania, :
Andrew Dowling, and :
Francis T. Chardo :

**PER CURIAM**                **O R D E R**

     **NOW**, March 6, 2024, the Order of the Court of Common Pleas of Dauphin County, dated December 17, 2021, entered in the above-captioned matter, is hereby **AFFIRMED**.