IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Mighty Mouse, (1) Shitzu, :
and Henry Mason, (1) Maltese : No. 100 C.D. 2023
:
Appeal of: Lucy Binakonsky : Argued: October 9, 2024

BEFORE: HONORABLE RENÉE COHN JUBELIRER, President Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE ANNE E. COVEY, Judge
HONORABLE CHRISTINE FIZZANO CANNON, Judge
HONORABLE ELLEN CEISLER, Judge[1]
HONORABLE STACY WALLACE, Judge
HONORABLE MATTHEW S. WOLF, Judge

OPINION
BY JUDGE McCULLOUGH                    FILED: January 10, 2025

Lucy Binakonsky (Appellant) appeals from the December 19, 2022 order of the Court of Common Pleas of Washington County (trial court), which denied as untimely her petition seeking the return to her of two dogs confiscated by police during the execution of a search warrant. On appeal, Appellant argues that the trial court erred in concluding that her petition was untimely or, in the alternative, that the trial court abused its discretion in not conducting a hearing on whether her late filing was excusable.

Upon review, we vacate and remand for further proceedings.

## I.     FACTS AND PROCEDURAL HISTORY

The facts underlying this appeal essentially are undisputed. In August 2018, the Pennsylvania State Police (PSP) executed a search warrant at the home of Appellant's mother in response to reports that a "puppy mill" was being operated on the property. While executing the warrant, PSP encountered Appellant in her vehicle

---

[1] The Court reached the decision in this case prior to the conclusion of Judge Ceisler's service on the Commonwealth Court.

with two dogs, a Shih Tzu and a Maltese (Dogs). PSP seized the Dogs together with other property from the residence. On October 23, 2019, PSP initiated criminal proceedings against Appellant via a criminal complaint charging various felony- and misdemeanor-level offenses, including aggravated cruelty to animals.[2] Several counts were held over to the trial court, and a criminal information was filed against Appellant on August 6, 2021.

Thereafter, Attorney Steffon Keeton (Attorney Keeton) entered his appearance on Appellant's behalf. Attorney Keeton later filed an omnibus pretrial motion that, *inter alia*, challenged the validity of the search warrant and sought suppression of all evidence obtained during its execution. After a hearing at which Appellant's current counsel, Dennis Popojas, Esq. (Attorney Popojas), appeared to represent Appellant, the criminal court granted the omnibus pretrial motion and suppressed the evidence obtained from the search. Although Attorney Popojas represented Appellant throughout the remainder of the criminal proceedings, he did not enter his appearance. The charges ultimately were *nolle prossed* on September 13, 2022.

Appellant, by Attorney Popojas, filed a petition for return of property on October 21, 2022, at miscellaneous docket No. MD-78302022. Therein, Appellant sought the return of the Dogs on the grounds that she did not own or reside at the property subject to the search warrant and that the Dogs previously had lived with her at her residence. Appellant further argued that the Commonwealth had no possessory interest in the Dogs, that they were not contraband, and that, given the dismissal of the criminal charges against Appellant, they could not be evidence in any prosecution. (Reproduced Record (R.R.) at 007a-8a.) In response, the Commonwealth alleged that

---

[2] Section 5534(a)(2) of the Crimes Code, 18 Pa. C.S. § 5534(a)(2).

2

it was no longer a party to the criminal action and that the Dogs were no longer in its possession. It accordingly requested that the petition be denied. (R.R. at 017a-18a.)

On November 10, 2022, at a hearing before the same judge who ruled on Appellant's omnibus pretrial motion in the criminal proceedings, *see* Trial Court Pa.R.A.P. 1925(a) Opinion (Trial Ct. Op.) at 5, the parties presented oral argument but no evidence. The Commonwealth argued, among other things, that Appellant's petition was untimely under Pennsylvania Rule of Criminal Procedure 588(A) (Rule 588(A)), Pa.R.Crim.P. 588(A), and *Commonwealth v. Allen*, 107 A.3d 709 (Pa. 2014), because it was filed more than 30 days after the criminal charges against Appellant were *nolle prossed*. The Commonwealth accordingly contended that the trial court was without jurisdiction to consider the petition. (R.R. at 027a-28a.) The Commonwealth also again advised that the Dogs were not in its possession and, given Appellant's bail condition precluding her from possessing any animals, both Dogs had to be rehomed by a separate animal care agency. *Id.* at 034a-35a, 044a. Appellant's counsel argued in response that the petition was not untimely because it was filed at a miscellaneous docket and, accordingly, the six-year statute of limitations found at Section 5527(b) of the Judicial Code, 42 Pa. C.S. § 5527(b),[3] applied. *Id.* at 029a-30a, 062a. Later, in her post-hearing brief, Appellant asserted, for the first time, that her delay in filing the petition was excusable because she did not personally receive notice of the *nolle prosequi* entered in the trial court and because her original criminal counsel, Attorney Keeton, was ill during the pendency of the criminal proceedings. Specifically, Appellant argued in her brief:

---

[3] Section 5527(b) provides a "catch-all" statute of limitations for civil actions or proceedings that are neither expressly subject to another limitation period in the Judicial Code nor exempted from any limitation period pursuant to Section 5531, 42 Pa. C.S. § 5531.

3

Additionally, [Appellant] was without notice of the date of the [*nolle prosequi*]. [Appellant's] counsel of record for the criminal proceeding was [Attorney Keeton,] and a review of the docket indicates that the only notice submitted was electronic to counsel and not to [Appellant] herself. Unfortunately, [A]ttorney Keeton was seriously ill and was hospitalized in [the] Cleveland Clinic and was non-responsive at the time service of the [*nolle prosequi*] was filed and served. As such, notice was not provided to [Appellant] as she did not receive a mail copy. Upon learning of the [*nolle prosequi*] from a co-defendant, [Appellant] immediately engaged with [Attorney Popojas] to file the instant petition as [Attorney Keeton] was unable. Unfortunately, this caused the slight delay in [filing] the petition. The Pennsylvania Supreme Court held that in the instance of untimely filings as a result of the non-negligent conduct of the appellant's attorney or the attorney's staff, a late filing may be permitted. *See Bass v. Commonwealth*, [ ] 401 A.2d 1133 ([Pa.] 1979) . . . . Accordingly, even if [the trial court] determines that the filing was untimely by eight days, the delay should be excused due to exigent circumstances and a hearing should be held pursuant to [Appellant's] request whereby the Commonwealth should be compelled to explain the absence of the [Dogs].

(R.R. at 0064a-65a.)

On December 19, 2022, the trial court, relying on *Allen* and Section 5505 of the Judicial Code, 42 Pa. C.S. § 5505, ruled that Appellant waived her right to seek return of the Dogs because she filed her motion more than 30 days after the *nolle prosequi* was entered. (R.R. at 069a-70a.) The trial court did not consider or rule upon the question of whether Appellant's untimely filing was excusable. *Id*. Appellant appealed to this Court and filed a Pennsylvania Rule of Appellate Procedure 1925(b), Pa.R.A.P. 1925(b), Concise Statement with the trial court. In its subsequent opinion, the trial court relied on the rule in *Allen* to conclude that Appellant, a criminal

4

defendant, had waived her ability to seek return of the Dogs because her petition was filed more than 30 days after her criminal case was resolved. (Trial Ct. Op. at 7.)

The trial court also addressed Appellant's argument in her brief and Concise Statement that the trial court abused its discretion by not hearing evidence as to whether the late filing was excusable. The trial court concluded that it did not abuse its discretion and that Appellant's arguments in this regard were without merit:

> [W]hile the docket does reflect that the notice that the charges against Appellant had been *nolle prossed* was served solely upon [Attorney] Keeton, it was [Attorney] Popojas who consented to the Commonwealth's [p]etition for [*n*]*olle* [p]*rosequi*, as indicated by his signature on said petition.
>
> Had [Attorney] Popojas been retained only after the withdrawal of the charges against Appellant and solely to file her [ ] petition, her argument as to the untimely filing of said petition potentially would have had greater merit. However, [Attorney] Popojas was involved in the criminal proceedings against Appellant for a substantial period and to quite the extensive degree. As previously noted by the [trial c]ourt, [Attorney] Popojas appeared on Appellant's behalf at the hearing on her [o]mnibus [p]retrial [m]otion, referred to himself as "Counsel of Record" in Appellant's [p]roposed [f]indings of [f]act and [c]onclusions of [l]aw that he filed on her behalf, and most notably, consented to the [p]etition for [*n*]*olle* [*p*]*rosequi* that ultimately resulted in the disposition of the criminal charges against Appellant. Therefore, due to the degree of [Attorney] Popojas' representation of Appellant throughout the criminal proceedings, particularly with regard to the disposition of the charges against Appellant, she cannot now shield herself behind the fact that [Attorney] Keeton was the only [ ] attorney of record in the matter as a means of excusing the untimely filing of her [ ] petition. To allow her to do so would effectively render the timing requirements of [Pa.R.Crim.P.] 588 meaningless.
>
> Moreover, Appellant failed to demonstrate, or even provide an argument as to why[,] she was unable to file her return

5

petition at an earlier juncture during the proceedings, such as in conjunction with her [o]mnibus [p]retrial [m]otion. . . .

(Trial Ct. Op. at 8-9.)

## II.   ISSUES[4]

Appellant presents three questions for our review, which we fairly can combine into two for purposes of analysis: (1) whether the trial court erred or abused its discretion in applying to her petition the time limits set forth in *Allen*, which Appellant contends deprived her of property without due process and violated her Fifth Amendment[5] right against self-incrimination; and (2) assuming that Appellant's petition was untimely under *Allen*, whether the trial court abused its discretion in failing to hear evidence on whether Appellant was entitled to *nunc pro tunc* relief. Appellant requests in either event that we vacate the trial court's order and remand for a hearing on the merits of her petition.

The Commonwealth argues in response that (1) *Allen* clearly applies and does not deprive Appellant of any due process rights; (2) criminal defendants have 30 days after their criminal case concludes to file a motion seeking return of property and are not at risk for incriminating themselves; and (3) there is no basis for permitting the

---

[4] Our review of a trial court's order disposing of a petition for return of property typically is limited to considering "whether [the trial court's] findings of fact are supported by [substantial evidence], whether [the trial court] abused its discretion, or whether [the trial court] committed an error of law." *In re Return of Personal Property*, 180 A.3d 1288, 1292 n. 10 (Pa. Cmwlth. 2018) (citing *Commonwealth v. Matsinger*, 68 A.3d 390, 395 n.5 (Pa. Cmwlth. 2013)). However, here we review the trial court's order denying a petition for return of property as untimely, which presents a question of law subject to our plenary, *de novo* review. *Allen*, 107 A.3d at 714.

[5] U.S. Const. amend. V ("No person shall be . . . compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law[.]").

6

late filing of Appellant's petition because she had alternate counsel who participated in the underlying criminal proceedings and who should have been aware of the entry of the *nolle prosequi*. The Commonwealth further contends that Appellant could have filed the petition earlier given that the Dogs were not evidence in the criminal case.

### III.  DISCUSSION

#### A.  Timing of Motions for Return of Property Under Rule 588

Pennsylvania Rule of Criminal Procedure 588 governs the filing and disposition of motions for return of property. It provides, in pertinent part, as follows:

> (A)  A person aggrieved by a search and seizure, whether or not executed pursuant to a search warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.
>
> (B)  The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. . . .
>
> (C)  A motion to suppress evidence under Rule 581 may be joined with a motion under this rule.
>
> . . . .

Pa.R.Crim.P. 588(A)-(C).

In assessing the timeliness of Appellant's petition, we begin with *Allen*, the seminal case analyzing the timing requirements for motions for return of property filed under Rule 588. In *Allen*, a former criminal defendant filed a motion for return of property under Rule 588 approximately seven and one-half years after the criminal charges filed against him were *nolle prossed* by the Commonwealth. The subject property, approximately $1,000.00 in cash, was seized during a traffic stop of the movant's vehicle. *Id.* at 711. The trial court in *Allen* dismissed the motion, concluding

7

that the movant had waived the ability to seek return of the property because he had not filed the motion during, or within 30 days following the conclusion of, his criminal case. *Id.* at 712. This Court affirmed, but on the alternate ground that the movant did not file his motion within six years of the conclusion of his criminal case pursuant to Section 5527(b) of the Judicial Code, 42 Pa. C.S. § 5527(b). *Id.* at 714.

The Commonwealth appealed, and our Supreme Court affirmed, but on alternate grounds. The precise question before the *Allen* Court was "whether a criminal defendant has an obligation to file a petition for return of property prior to the completion of proceedings before the trial court . . . ." *Id.* at 714. The Supreme Court concluded, as did the trial court, that a criminal defendant who has the opportunity to seek the return of property during the pendency of his or her criminal proceedings or within 30 days after disposition thereof and fails to do so waives any entitlement to seek the property's return. *Id.* at 716-17 (citing, in part, 42 Pa. C.S. § 5505). Because the movant in *Allen* failed to file his motion within that period, it properly was dismissed. *Id.* at 711, 717. The Court in *Allen* limited the applicability of this waiver rule to circumstances where the party filing for return of property was a party to the underlying criminal proceeding *and* had an opportunity to move for the return of the property within 30 days following the disposition of the criminal charges while the trial court retained jurisdiction. *Id.* at 717 n.10, 718. The Court expressly declined to apply the waiver rule to motions filed by third parties who were not the accused in the underlying criminal proceedings. *Id.* at 718.

Since *Allen*, both this Court and the Pennsylvania Superior Court have followed and applied the Supreme Court's distinction between motions for return of property filed by criminal defendants and those filed by third parties who were not participants in the underlying criminal proceedings. For example, in *In re: Return of*

8

*Personal Property*, 180 A.3d 1288 (Pa. Cmwlth. 2018), we applied the six-year statute of limitations found in Section 5527(b) of the Judicial Code to conclude that a motion for return of property unrelated to criminal proceedings was time-barred. In that case, the police seized certain property, including several weapons, in the course of committing the movant to a hospital for mental health treatment pursuant to Section 302 of the Mental Health Procedures Act, Act of July 9, 1976, P.L. 817, *as amended*, 50 P.S. § 7302. No criminal proceedings were instituted. Approximately 13 years later, the movant filed a motion for return of the property, which the trial court granted. 180 A.3d at 1291. We reversed, concluding that because the movant was not a party to any criminal proceedings, the six-year statute of limitations found in Section 5527(b) applied and rendered the motion untimely. *Id.* at 1293. *Compare Commonwealth v. LaBrake*, 134 A.3d 166, 170 (Pa. Cmwlth. 2016) (criminal defendant who filed motion for return of property more than 30 days after the conclusion of his criminal proceedings waived any entitlement to return of the property; motion properly dismissed).

Also consistent with *Allen*, in *Commonwealth v. Caviness*, 243 A.3d 735 (Pa. Super. 2020),[6] the Superior Court concluded that a criminal defendant's motion for return of property filed almost five months after the disposition of his criminal charges was barred by *Allen* because such motions must be filed by criminal defendants either during or within 30 days after disposition of their criminal proceedings. *Id.* at 739. The Superior Court further concluded in dicta that, to the extent that the movant's wife, who was not a party to the underlying criminal proceedings, was considered the movant, the motion still would be time-barred because it was filed in the criminal

---

[6] Although not binding, reported decisions of our sister appellate court provide us with persuasive authority to the extent that they are relevant to the issues before us. *Lerch v. Unemployment Compensation Board of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

9

docket. *Id.* at 740. The movant's wife should instead have filed a separate civil action against the Commonwealth seeking return of the property, which would have been subject to a six-year limitation period. *Id.*

Thus, and in sum, the determination of whether a motion for return of property is timely depends on the *identity of the filing party*. Criminal defendants who are aggrieved by searches and seizures must file any motion for return of property during, or within 30 days after the disposition of, their criminal proceedings. If they do not, their ability to seek return of their property is waived because the criminal court has lost jurisdiction at that point. Other parties who were not participants in the underlying criminal proceedings must file such motions within six years of the seizure. Multiple unreported decisions of both this Court and the Superior Court consistently have followed this rule, and we expressly reaffirm it here. *See, e.g.*, *Commonwealth v. Berrien* (Pa. Cmwlth., No. 892 C.D. 202, filed May 2, 2023) (criminal defendant's *pro se* motion for return of property filed more than 30 days after disposition of his criminal charges was untimely and properly denied); *Commonwealth v. Berrien* (Pa. Cmwlth., Nos. 1606 & 1607 C.D. 2018, filed January 30, 2020) (same); *In re: Frederick* (Pa. Cmwlth., No. 362 C.D. 2018, filed August 31, 2018) (motion for return of property filed by transferee third party against whom no criminal proceedings were filed was subject to six-year limitation period); *Commonwealth v. McNulty* (Pa. Super., No. 500 EDA 2023, filed September 12, 2023) (criminal defendant who filed motion for return of property more than 30 days after disposition of his criminal charges waived right to seek return of the property, rendering the trial court without jurisdiction to consider motion).[7]

---

[7] We cite to this unreported Superior Court opinion for its persuasive value pursuant to Pennsylvania Rule of Appellate Procedure 126(b)(2), Pa.R.A.P. 126(b)(2), and Section 37B of the Superior Court's Internal Operating Procedures, 210 Pa. Code § 65.37B. *See also Lerch.*

Here, it is undisputed that (1) Appellant was the defendant in underlying criminal proceedings, (2) her criminal charges were *nolle prossed* and, therefore, finally disposed of on September 13, 2022, and (3) she filed her petition for return of the Dogs on October 21, 2022, or eight days after the criminal court lost jurisdiction. Thus, under the rule summarized above, Appellant's petition was untimely on its face, which typically would result in the waiver of her ability to seek return of the Dogs. This is so notwithstanding that Appellant filed her motion at a miscellaneous docket number and not her criminal docket. The controlling factor in determining the appropriate timing for a motion for return of property is the *identity of the movant* and not the *nature of the docket* where the motion is filed. This is true because, under *Allen*, a criminal defendant *waives* the ability to seek return of property, at any docket, after 30 days have expired following the disposition of his or her criminal proceedings. This is a necessary corollary to the rule announced in *Allen* to avoid both irrational results and docket-shopping by movants.[8]

## B.     *Nunc Pro Tunc* Relief

Notwithstanding the facial untimeliness of Appellant's petition, she argues in the alternative that the trial court abused its discretion in failing to conduct an evidentiary hearing to determine whether the late filing should be excused due to the circumstances associated with her trial counsel's health. Although Appellant does not expressly request *"nunc pro tunc"* relief, she nevertheless cites *Bass*, 401 A.2d 1133, the seminal case providing for such relief due to the "non-negligent" conduct of a party's counsel, which in *Bass* was trial counsel's illness. (Appellant's Br. at 18-19.)

---

[8] *But see Commonwealth v. Irland*, 193 A.3d 370, 377 n.9 (Pa. 2018) (the substance of an otherwise untimely motion for return of property may be considered by a trial court where the Commonwealth has filed a forfeiture petition in response to the motion, thereby waiving any timeliness or waiver defenses). Here, because the Commonwealth did not file a forfeiture petition, the *Irland* exception is inapplicable.

11

Appellant contends that the trial court should have received evidence on this question and made associated findings. We agree.

First, although Appellant did not assert in her petition that the delay in filing was excusable, she nevertheless raised the issue in her post-hearing brief and Concise Statement, and the trial court addressed the question in its opinion. The issue therefore was adequately preserved and addressed below to permit our review. Further, and as the Concurring and Dissenting Opinion correctly points out, ordinarily a hearing is required on a request for *nunc pro tunc* relief only where a party has filed a petition alleging facts which, if proven, could establish the entitlement to such relief. *See Marconi v. Insurance Department*, 641 A.2d 1240, 1242 (Pa. Cmwlth. 1994) (citing *Connor v. Westmoreland County Board of Assessment Appeal*, 598 A.2d 610 (Pa. Cmwlth. 1991)). However, such is not the case where, as here, a trial court elects to address a request for *nunc pro tunc* relief and renders a fact-based determination on the issue. In that circumstance, the requesting party must first be provided an opportunity to present relevant evidence at a hearing, and the trial court must make associated findings of fact. This is particularly true here given that the trial court referenced and relied upon facts from the docket and filings in Appellant's criminal case to conclude that Appellant's late filing was not excusable. Those facts appear nowhere in the record before us, and the trial court did not make any actual findings of fact to support its decision.

The Concurring and Dissenting Opinion concludes that the trial court did not abuse its discretion in this respect because (1) Appellant did not assert grounds for *nunc pro tunc* relief in her petition and, accordingly, was not entitled to a hearing; (2) Appellant's counsel nevertheless was present at the hearing before the trial court and did not present any evidence supporting *nunc pro tunc* relief; and (3) the trial court

12

appropriately took judicial notice of the docket entries and proceedings in Appellant's related criminal case in issuing its decision. Although well-articulated, we do not believe that any of these points warrant affirmance. First, as we have noted, the trial court addressed the *nunc pro tunc* question notwithstanding that it was not initially pleaded by Appellant. Having decided to address the issue, the trial court should have reconvened a hearing to receive relevant evidence and make findings. Second, although the trial court held a hearing on Appellant's petition, the Commonwealth did not assert waiver or untimeliness in its answer to the petition; it raised those issues for the first time during the hearing, which ultimately amounted to oral argument only. (R.R. at 016a-17a, 026a-27a.). Thus, although Appellant's counsel attended the hearing and had prepared to present evidence on whether the Dogs should be returned, *see* R.R. at 024a-25a, Appellant had no advance notice that waiver or timeliness would be at issue and no meaningful opportunity to present evidence on those issues.

Lastly, the Concurring and Dissenting Opinion is correct that a trial court may, and here apparently did, take judicial notice of the docket entries and certain procedural facts from Appellant's criminal proceedings. *See* Pa.R.E. 201(b)(2) (permitting courts to take judicial notice of facts that may be "determined from sources whose accuracy cannot reasonably be questioned"); *Moss v. Pennsylvania Board of Probation & Parole*, 194 A.3d 1130, n.11 (Pa. Cmwlth. 2018) (this Court taking judicial notice of publicly available criminal docket entries). However, the docket entries in Appellant's criminal case, whatever they might say, do not conclusively establish whether Appellant was aware that her charges were *nolle prossed*, whether she had any communications about that fact with Attorney Keeton, or whether she in fact had an opportunity to file her petition within the applicable timeframe. The entries show, at most, that Attorney Popojas assisted Attorney Keeton

13

in representing Appellant in her criminal case. They do not, as the trial court concluded, conclusively establish that Appellant is not entitled to *nunc pro tunc* relief so that she may seek the return of her Dogs to her possession. A hearing and factfinding on remand is necessary to answer that question. *See Miller v. Unemployment Compensation Board of Review*, 131 A.3d 110, 115 (Pa. Cmwlth. 2015) (taking judicial notice of the claimant's criminal docket entries, but nevertheless remanding for further credibility findings by the Unemployment Compensation Board of Review where those entries were "vague" and did not "demonstrate conclusively" the facts necessary to determining whether the claimant was eligible for benefits).[9]

We accordingly must conclude that the trial court abused its discretion in addressing Appellant's *nunc pro tunc* request without first conducting a hearing on that issue and making associated findings of fact.

## IV. CONCLUSION

We agree with the trial court that Appellant's petition for return of the Dogs was filed more than 30 days after the disposition of her criminal charges, which ordinarily would result in the waiver of her ability to seek their return. Nevertheless, given the alleged circumstances surrounding Attorney Keeton's health during and after the disposition of the criminal proceedings, we further conclude that the trial court abused its discretion in not conducting an evidentiary hearing to make specific findings regarding whether Appellant in fact had the opportunity, by counsel, to file her petition before the criminal court lost jurisdiction—in other words, whether Appellant is entitled to *nunc pro tunc* relief. We therefore vacate the trial court's order and remand for an evidentiary hearing and determination on those issues and, if appropriate, the

---

[9] We also note that Appellant was given no prior notice or opportunity to be heard on whether judicial notice was appropriate or sufficient on the *nunc pro tunc* issue. *See* Pa.R.E. 201(e).

14

merits of Appellant's petition. *See Matsinger*, 68 A.3d at 397 ("where the Commonwealth responds to a motion for return of property with no evidence beyond an unsubstantiated assertion that it no longer possesses the property, an evidentiary hearing must be held, and the Commonwealth must provide evidence at the hearing to establish the status of the property").[10]

_____
PATRICIA A. McCULLOUGH, Judge

---

[10] Given our disposition, we need not address Appellant's remaining constitutional arguments. We nevertheless stress that nothing in our decision should be construed to preclude Appellant from pursuing any available civil remedies against either the Commonwealth or any third parties who might have possession of, lost, or mishandled the Dogs. *See Matsinger*, 68 A.3d at 398 n.7. We further note that the Commonwealth did not seek forfeiture of the Dogs in response to Appellant's petition, and, therefore, it has not obtained ownership of them.

15

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Mighty Mouse, (1) Shitzu,          :
and Henry Mason, (1) Maltese              :     No. 100 C.D. 2023
                                          :
Appeal of: Lucy Binakonsky                :

## ***ORDER***

AND NOW, this 10th day of January, 2025, the December 19, 2022 order of the Court of Common Pleas of Washington County, Pennsylvania (trial court) is hereby VACATED, and this case is remanded to the trial court for consideration of whether Appellant is entitled to *nunc pro tunc* relief. The trial court shall conduct a hearing on that issue and make associated findings of fact and conclusions of law. In the event that the trial court grants *nunc pro tunc* relief, it shall proceed to consider and, after hearing, decide Appellant's petition on the merits together with any defenses asserted by the Commonwealth.

Jurisdiction relinquished.

_____
PATRICIA A. McCULLOUGH, Judge

In re: Mighty Mouse, (1) Shitzu,      :
and Henry Mason, (1) Maltese      :
                                  :   No. 100 C.D. 2023
Appeal of: Lucy Binakonsky       :   Argued: October 9, 2024

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge
             HONORABLE ELLEN CEISLER, Judge
             HONORABLE STACY WALLACE, Judge
             HONORABLE MATTHEW S. WOLF, Judge

CONCURRING/DISSENTING OPINION
BY JUDGE COVEY                        FILED:  January 10, 2025

I agree with the Majority that Lucy Binakonsky (Appellant) filed an untimely motion for return of property under Pennsylvania Rule of Criminal Procedure 588, Pa.R.Crim.P. 588.  Further, I agree with the Majority that the Washington County Common Pleas Court (trial court) correctly applied the law regarding motions for return of property.  Respectfully, I depart from a full endorsement of the Majority Opinion wherein the Majority vacates the trial court's order and remands for a hearing on whether Appellant is entitled to *nunc pro tunc* relief.

> The Majority states:
>
> First, although Appellant did not assert in her petition [for return of property] that the delay in filing was excusable, she nevertheless raised the issue in her post-hearing brief and Concise Statement [of Errors Complained of on Appeal (Concise Statement)], and the trial court addressed the question in its opinion.  The issue therefore was adequately preserved and addressed below to permit our review.  Further, . . . ordinarily a hearing is required on a request for *nunc pro tunc* relief only where a party has filed a petition

alleging facts which, if proven, could establish the entitlement to such relief. *See Marconi v. Insurance Department*, 641 A.2d 1240, 1242 (Pa. Cmwlth. 1994) (citing *Connor v. Westmoreland County Board of Assessment Appeal*, 598 A.2d 610 (Pa. Cmwlth. 1991)).

*In Re: Mighty Mouse*, \_\_\_ A.3d \_\_\_, \_\_\_ (Pa. Cmwlth. No. 100 C.D. 2023, filed January 10, 2025), slip op. at 12. Nonetheless, the Majority concludes that "the trial court abused its discretion in addressing Appellant's *nunc pro tunc* request without first conducting a hearing on that issue and making associated findings of fact." *Id*. at 14.

This Court has held: "**Only when a petition to appeal *nunc pro tunc* sets forth allegations sufficient to warrant such an appeal** must a hearing be held to determine the validity of those allegations." *Marconi*, 641 A.2d at 1242 (emphasis added); *see also In re Adoption of J.A.S.*, 479 A.2d 8, 9 (Pa. Super. 1984)[1] (remanding for hearing where the appellant's petition for permission to appeal *nunc pro tunc* contained numerous specific allegations which, if proven, would have established that fraud or a breakdown in the court's processes caused her failure to file a timely appeal). **Importantly**, **the instant Petition for Return of Property is not framed as a *nunc pro tunc* petition and does not set forth any allegations warranting *nunc pro tunc* relief**. *See* Reproduced Record (R.R.) at 5a-8a. Appellant did **not** allege in her petition for return of property facts regarding the reasons for her untimeliness and therefore there are no facts to be proven at a hearing regarding the late filing. A hearing would only be necessary if Appellant asserted allegations that required proof. *See Marconi*. Further, at the trial court hearing, Appellant offered **no** evidence supporting *nunc pro*

---

[1] "While Superior Court decisions are not binding on this Court, they may provide persuasive authority where, as here, they address analogous legal issues." *DeSantis v. Lenox Place Condo. Ass'n*, 316 A.3d 1119, 1121 n.4 (Pa. Cmwlth. 2024).

*tunc* relief and did not provide any argument in support thereof.  Accordingly, a *nunc pro tunc* hearing is not warranted.[2]

Moreover, in justifying its order for remand, the Majority states: "[T]he trial court referenced and relied upon facts from the docket and filings in Appellant's criminal case to conclude that Appellant's late filing was not excusable.  Those facts

---

[2] As the Majority observes, Appellant did not raise the issue until **after** the trial court's hearing – a hearing during which the Commonwealth's attorney asserted that Appellant had missed the 30-day filing deadline, *see* R.R. at 27a, and during which Appellant could have requested to present the evidence to allow the trial court to consider and weigh such evidence supporting Appellant's right to *nunc pro tunc* relief.  A party waives an issue by failing to raise it at the earliest possible opportunity.  *See Dehus v. Unemployment Comp. Bd. of Rev.*, 545 A.2d 434 (Pa. Cmwlth. 1988).
The Pennsylvania Superior Court has explained:

> [An appellate court's] review over an order denying *nunc pro tunc* restoration of a[n appellant's] appellate rights is deferential:
>
>> The denial of an appeal *nunc pro tunc* is within the discretion of the trial court, and we will only reverse for an abuse of that discretion.  In addition to the occurrence of "fraud or breakdown in the court's operations," nunc pro tunc relief may also be granted where the appellant demonstrates that "(1) [her] notice of appeal was filed late as a result of nonnegligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) [she] filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay." *Criss v. Wise*, . . . 781 A.2d 1156, 1159 ([Pa.] 2001).
>
> *Rothstein v. Polysciences, Inc.*, 853 A.2d 1072, 1075 (Pa. Super. 2004) ([citation omitted;] citations modified).  "An abuse of discretion occurs when a trial court, in reaching its conclusions, **overrides or misapplies the law**, **or exercises judgment which is manifestly unreasonable**, **or the result of partiality**, **prejudice**, **or ill will**." *U.S. Bank N.A. v. Mallory*, 982 A.2d 986, 994 (Pa. Super. 2009).

*Vietri v. Del. Valley High Sch.*, 63 A.3d 1281, 1284 (Pa. Super. 2013) (italics and emphasis added).  Here, the trial court did not override or misapply the law, or exercise manifestly unreasonable judgment by denying Appellant a second opportunity to offer evidence that Appellant could have offered at the first hearing had she raised the *nunc pro tunc* argument earlier.  Thus, I disagree with the Majority's holding that the trial court abused its discretion by failing to hold **another** hearing after Appellant did not attempt to offer her evidence supporting *nunc pro tunc* relief during the first hearing.

appear nowhere in the record before us, and the trial court did not make any actual findings of fact to support its decision." *In Re: Mighty Mouse*, ___ A.3d at ___ (Pa. Cmwlth. No. 100 C.D. 2023, filed January 10, 2025), slip op. at 12.

The trial court explained in its Pennsylvania Rule of Appellate Procedure (Rule) 1925(a) Opinion:

> [F]ollowing the filing of Appellant's Petition for Return of Property, this [trial c]ourt ordered both Appellant and the Commonwealth to file respective briefs on the subject. Thereafter, in her brief, Appellant averred that the untimely nature of her return of property petition was attributed to her counsel of record, Steffon Keeton, Esquire [(Keeton)], having been hospitalized at the time that the charges against Appellant were *nolle prossed*. Specifically, Appellant contended that the notice that the charges against her had been *nolle prossed* **was served solely upon** [] **Keeton**, who was unable to act upon or relay said information to Appellant due to his medical condition at the time. Appellant then goes on to state that upon learning about the *nolle prosse* from a co-defendant, she contacted Dennis Popojas, Esquire [(Popojas)], to file her return of property petition. As such, it was the position of Appellant that the untimely filing of her return petition should be excused.
>
> **Nevertheless**, **this Court's decision to not hear evidence as to the untimely nature of Appellant's petition for return of property did not amount to an abuse of its discretion**. In its consideration of Appellant's brief, the [trial c]ourt found Appellant's argument regarding the untimely filing of her return of property petition to be quite curious, and ultimately, lacking persuasion. Specifically, **while the docket does reflect that the notice that the charges against Appellant had been *nolle prossed* was served solely upon** [] **Keeton**, **it was** [] **Popojas who consented to the** Commonwealth's Petition for *Nolle Prosequi*, **as indicated by his signature on said petition**.
>
> Had [] Popojas been retained only after the withdrawal of the charges against Appellant and solely to file her [petition for return of property], her argument as to the untimely filing of said petition potentially would have had greater merit. **However**, [] **Popojas was involved in the criminal**

**proceedings against Appellant for a substantial period and to quite the extensive degree**. As previously noted by the [trial c]ourt, [] **Popojas appeared on Appellant's behalf at the hearing on her Omnibus Pretrial Motion**, **referred to himself as "Counsel of Record" in Appellant's Proposed Findings of Fact and Conclusions of Law that he filed on her behalf**, **and most notably, consented to the Petition for *Nolle Prosequi* that ultimately resulted in the disposition of the criminal charges against Appellant**. Therefore, due to the degree of [] Popojas' representation of Appellant throughout the criminal proceedings, particularly with regard to the disposition of the charges against Appellant, she cannot now shield herself behind the fact that [] Keeton was the only recorded attorney of record in the matter as a means of excusing the untimely filing of her return petition. To allow her to do so would effectively render the timing requirements of Rule 588 meaningless.

Rule 1925(a) Opinion at 8-9 (emphasis added; citations omitted).

"It is well settled that [courts] may take judicial notice of pleadings and judgments in other proceedings where appropriate. This is particularly so where, as here, the other proceedings involve the same parties." *Lycoming Cnty. v. Pa. Lab. Rels. Bd.*, 943 A.2d 333, 335 n.8 (Pa. Cmwlth. 2007). *See also Deyarmin v. Consol. Rail Corp.*, 931 A.2d 1 (Pa. Super. 2007) (The court may take judicial notice of publicly available dockets in its jurisdiction.). Thus, based on the trial court's explanation, wherein it referenced the pleadings both below and in the criminal action to confirm Popojas' participation, I do not agree that the trial court improperly relied on extra-record evidence when it denied *nunc pro tunc* relief.

For all of the above reasons, I would affirm the trial court's order.

_____
ANNE E. COVEY, Judge